Filed 1/8/15  P.v . Donahue CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C075609 |
| Plaintiff and Respondent, | (Super. Ct. Nos. MCYKCRBF111247, MCYKCRBF12519) |
| v. | |
| SONIA VICTORINE DONAHUE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Sonia Victorine Donahue has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We find no arguable error that would result in a disposition more favorable to defendant and shall affirm the judgment, directing minor corrections to the abstract of judgment.

1

## BACKGROUND

*Case No. 11-1247*

On September 8, 2010, defendant hitched a ride to Yreka and stole items from the driver's purse, including $70 in cash and a debit card. The driver identified defendant from a photo lineup. When interviewed, defendant admitted that she had taken the items and, in addition, had used the debit card to withdraw $200 from the driver's bank account. The People filed various charges against defendant, including felony petty theft with a prior burglary conviction (former Pen. Code, § 666;[1] count 1) to which she ultimately pled guilty, as we describe *post*.

*Case No. 12-519*

In the very early morning of December 30, 2011, Pacific Power employee James Harkless responded to a power outage in Happy Camp. While Harkless was in the extended boom/bucket portion of his truck, making repairs to the power line, defendant entered his company truck and drove it from the scene with Harkless trapped in the bucket. Harkless was able to shut down the truck using a kill switch, but defendant started the truck up again and continued to drive. This continued multiple times while Harkless screamed and pleaded for his life. Defendant then intentionally rammed the boom into a power pole, knocking Harkless out of the bucket. He sustained major injuries including a broken neck and arm. Defendant fled the scene and abandoned the truck, which was found two days later. This conduct resulted in various charges-- encompassing the first seven counts of the information in case No. 12-519--including carjacking (§ 215, subd. (a); count 2), assault by means of force likely to produce great bodily injury (§ 245, subd. (a); count 3), and assault with a deadly weapon (§ 245, subd.

---

[1] Further undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

2

(a); count 4), the three counts to which defendant ultimately pled guilty, as we describe *post.*

On March 25, 2012, officers stopped a van being driven by defendant's mother. Inside the van, officers saw a one-year-old child. While the officer was writing the citation, the van started up and sped away, driving in the wrong lane and above the speed limit while the officers pursued it with lights and siren activated. When the van finally stopped, defendant jumped out of the driver's seat and ran. She fell and then sat down and pretended to have a gun in her purse which she held to her head. This conduct resulted in various charges--encompassing counts 8 and 9 of the same information-- including felony evading (Veh. Code, § 2800.2, subd. (a); count 8), and endangering the health of a child (§ 273a, subd. (a); count 9), both counts to which defendant ultimately pled guilty, as we describe immediately *post.*

*Pleas and Sentencing*

Defendant entered a negotiated plea to certain charges in both cases, as detailed *ante*, in exchange for a stipulated state prison sentence of 19 years. In connection with counts 2, 3 and 4, defendant admitted a great bodily injury enhancement. (§ 12022.7, subd. (a).) She also admitted a strike prior.

The court imposed the agreed-upon sentence of 19 years[2] as well as various fees and fines and awarded presentence custody credit. Defendant appeals. She did not obtain a certificate of probable cause. (§ 1237.5.)

---

[2]  The sentence breaks down as follows:  Case No. 12-519:  Count 2--the midterm of five years doubled for the strike prior plus a consecutive three-year term for the enhancement (13 years); Count 3--a consecutive one-third the midterm or one year doubled for the strike prior and a concurrent three-year term for the enhancement (two years); Count 4--a concurrent midterm of three years doubled for the strike prior and a concurrent three-year term for the enhancement; Count 8--a concurrent midterm of two years doubled for the strike prior; Count 9--a consecutive one-year-four-month term doubled for the strike prior (two years eight months).  Case No. 11-1247:  Count 1--a consecutive one-third the

## DISCUSSION

Counsel filed an opening brief requesting that we review the record and determine whether there are any arguable issues on appeal.[3] (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We note two minor errors in preparation of the abstract of judgment. Defendant was awarded 15 percent conduct credit (§ 2933.1) in case No. 12-519 but the abstract erroneously reflects that the 94 days of conduct credit was awarded pursuant to section 4019 (the wrong box was checked). Additionally, appellate counsel notes that the abstract incorrectly reflects a $25 attorney fee award, but adds that counsel planned to request correction in the trial court. Because we do not know if that correction was made, and we are directing a correction to the abstract in any event, we will order the abstract corrected as to both errors.

---

midterm or eight months doubled for the strike prior (one year four months). We note that pursuant to the stipulation, the court imposed *concurrent* time on the mandatory consecutive section 12022.7 enhancements (see § 12022.7, subd. (a)) in connection with counts 3 and 4 (both charging assault). There was no objection or request for application of section 654 at sentencing. Thus any claim that a component of the plea agreement violates section 654 would be forfeited had it been raised on appeal. (Cal. Rules of Court, rule 4.412(b); *People v. Hester* (2000) 22 Cal.4th 290, 295-296.)

[3] Counsel failed to set forth the facts of the case(s), instead merely referring us to the documents supporting defendant's plea in the trial court. This is unacceptable. (See California Rules of Court, No. 8.204(b)(2)(C), (e).)

**DISPOSITION**

The trial court is directed to prepare a corrected abstract of judgment to reflect that conduct credit of 94 days was awarded in case No. 12-519 pursuant to section 2933.1 and also to remove the $25 attorney fee award if that correction has not already been made, and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed.

                                                               _____DUARTE_____, J.

We concur:

_____RAYE_____, P. J.

_____ROBIE_____, J.