Filed 3/18/21  P. v. Estrada CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073597 |
| v. | (Super.Ct.No. INF1600456) |
| ENRIQUE SOLORZANO ESTRADA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Anthony R. Villalobos, Judge.  Affirmed as modified.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

A jury found defendant and appellant Enrique Estrada guilty of attempting to commit a lewd and lascivious act on a child under the age of 14 (Pen. Code,[1] §§ 664, 288, subd. (a), count 1) and misdemeanor annoying or molesting a child under the age of 18 (§ 647.6, subd. (a), count 2). A trial court sentenced him to four years in state prison on count 1 and one year on count 2, to be served concurrently, with credit for time served. Since his credits exceeded his sentence, he was released from custody.

On appeal, defendant contends the court should have stayed the sentence on count 2, pursuant to section 654. The People concede, and we agree.

## FACTUAL BACKGROUND

The victim's mother took the victim and his siblings to the public library one day. The victim was 12 years old at the time. He went to use the restroom. He stood in front of one of the urinals and started to urinate. Defendant walked up to the urinal right next to him. Defendant unbuckled his pants and started talking to the victim, with his genitals exposed. The victim felt uncomfortable and ignored him. Defendant leaned toward the victim and was a few inches away when he started licking his lips and breathing heavily on the victim. The victim continued to try and ignore him but noticed that defendant was looking at his (the victim's) genitals. Defendant looked down and up, from the victim's genitals to his face, and said, "Can I suck it?" The victim became scared, quickly buckled his pants, and ran out of the restroom.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

<u>DISCUSSION</u>

<u>The Court Should Have Stayed the Sentence on Count 2</u>

Defendant argues that the attempted lewd act upon a child in count 1 and the annoying or molesting a child in count 2 constituted one indivisible transaction committed with the same criminal intent and objective—to commit a touching of a child and satisfy his own sexual desires. Thus, the court should have stayed the sentence on count 2 under section 654. The People concede, and we agree.

A. *Section 654*

Section 654, subdivision (a), provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. . . ." "Section 654 precludes multiple punishments for a single act or indivisible course of conduct. [Citation.]" (*People v. Hester* (2000) 22 Cal.4th 290, 294.) "The purpose of section 654 is to prevent multiple punishment for a single act or omission [or indivisible course of conduct], even though that act or omission [or indivisible course of conduct] violates more than one statute and thus constitutes more than one crime. . . ." (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135 (*Liu*); see *People v. Harrison* (1989) 48 Cal.3d 321, 335.) "The divisibility of a course of conduct depends upon the intent and objective of the defendant. If all the offenses are incidental to one objective, the defendant may be punished for any one of them, but not for more than one." (*Liu*, at p. 1135.)

3

B. *The Court Should Have Applied Section 654 to Count 2*

The evidence showed that defendant exposed himself to the victim, leaned up close to him, stared at his genitals, licked his (defendant's) lips and breathed heavily, and asked the victim if he could orally copulate him. The evidence supports a finding that the attempted lewd act and annoying or molesting a child were based upon the same conduct. We note that the prosecutor argued counts 1 and 2 were based on the same course of conduct and, at sentencing, submitted on the probation report, which recommended that the sentence on count 2 be stayed under section 654.

We conclude that the convictions for attempted lewd act upon a child and annoying or molesting a child were based upon the identical conduct. Thus, the sentence on count 2 should have been stayed under section 654.

## DISPOSITION

The judgment is modified to stay the term imposed on count 2 pursuant to section 654. In all other respects, the judgment is affirmed. The trial court is directed to amend its minutes to reflect the section 654 stay on count 2.[2]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:
McKINSTER _____
Acting P. J.
SLOUGH _____
J.

_____

[2] We note that there is no need to amend the abstract of judgment. Since count 2 was a misdemeanor, the court apparently sentenced him to county jail. Thus, count 2 is not reflected on the abstract of judgment.

4