Filed 7/8/22  P. v. Quiroz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077442 |
| v. | (Super.Ct.No. RIF1601573) |
| JOSE M. QUIROZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge. Reversed.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Daniel Rogers, Acting Assistant Attorney General, Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jose M. Quiroz contends, and the People concede, that newly enacted Assembly Bill No. 518 (AB 518), which amended Penal Code[1] section 654, applies retroactively to his case. We agree with the parties that AB 518 applies retroactively, and remand this case to the trial court.

## STATEMENT OF THE CASE

On October 16, 2020, this court issued an unpublished opinion in defendant's underlying appeal in *People v. Quiroz* (Oct. 16, 2020, E069820) [nonpub. opn.] (*Quiroz1*). In *Quiroz1*, we reversed two attempted murder counts pursuant to the Supreme Court's intervening decision in *People v. Canizales* (2019) 7 Cal.5th 591, on the kill zone theory, and one of the conspiracy counts. We remanded the case to the trial court for resentencing.

On June 11, 2021, the trial court resentenced defendant to 25 years to life, plus four years in state prison.

On July 19, 2021, defendant filed a notice of appeal regarding his sentence.[2]

## DISCUSSION

Defendant's sole contention on appeal is that the enactment of AB 518 requires this case to be remanded to the trial court so the court can exercise its discretion under

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The underlying facts regarding defendant's convictions are set forth in our unpublished opinion in *Quiroz, supra*, E069820. Because the facts are not relevant to this appeal, we will not include them with this opinion.

newly-amended section 654. The People agree that AB 518 applies retroactively to defendant and the case should be remanded. We agree with the parties.

"Section 654 precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 292.) When the trial court resentenced defendant under former 654, an act or omission that was punishable in different ways by different laws had to be punished under the law that provided for the longest term of imprisonment. (See, former § 654, subd. (a).)

While defendant's case was pending on appeal, AB 518 was signed into law. AB 518 amended section 654 by removing the requirement that a defendant must be punished under the provision providing for the longest term of imprisonment, and granted the trial court discretion to impose punishment under any of the applicable provision. (See Stats. 2021, ch. 441, § 1.) Effective January 1, 2022, subdivision (a) of section 654 now states:

"An act or omission that is punishable in different ways by different provisions of law may be punished under either if such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (Stats. 2021, ch. 441, § 1.)

Newly enacted laws, which mitigate punishment for a crime, are presumed to apply retroactively. (*In re Estrada* (1965) 63 Cal.2d 740, 746-747 (*Estrada*).) In *Estrada*, our Supreme Court held that, absent evidence to the contrary, the Legislature intended amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendments' operative

date. (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 306-308 [discussing *Estrada*]; *People v. Brown* (2012) 54 Cal.4th 314, 323 [same].) Here, we agree with the parties that AB 518 applies retroactively to defendant's appeal because his appeal is still pending in our court.

In this case, the trial court sentenced defendant to prison for 25 years to life, plus four years, as follows: (1) 25 years to life for conspiracy to commit murder under section 182, subdivision (a)(1) (count 2); (2) life with a minimum parole eligibility after seven years for attempted murder under sections 664, subdivision (a) and 187, subdivision (a) (count 4), plus one year for a firearm enhancement under section 12022, subdivision (a)(1), stayed under section 654; and (3) the midterm of four years for burglary under section 459 (count 6), to run consecutively to the term imposed in count 2. The trial court stayed the sentence in count 4 pursuant to section 654, subdivision (a), which was in effect at the time of sentencing. With the passage of AB 518, however, the trial court now has the discretion to choose a term of incarceration applicable to either count 2 or count 4, while staying the term applicable to the other charge.

Therefore, we will remand this case so the trial court can sentence defendant in accordance with AB 518. On remand, the trial court is ordered to exercise its new discretion under section 654 to determine whether the sentence on count 2 or count 4 should be imposed, and which sentence should be stayed.

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded to the trial court for resentencing in light of AB 518. The trial court shall exercise its new sentencing discretion under amended section 654. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
Acting P. J.

We concur:

FIELDS _____
J.

RAPHAEL _____
J.