Filed 7/26/22  P. v. Ruiz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C093744, C094498 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FDV-2020-0005117) |
| v. | |
| JESUS RUIZ, | |
| Defendant and Appellant. | |

Defendant Jesus Ruiz showed up at his estranged wife's home drunk and armed with a loaded gun.  After his wife opened the door, defendant forced his way inside and then hit his wife over the head with the gun until she fell to the floor.  A jury found defendant guilty of first degree burglary, felony infliction of corporal injury on a spouse, and several other crimes.  It also found that defendant used a firearm and inflicted great bodily injury on his spouse in the course of committing the burglary and spousal abuse offenses.

1

On appeal, defendant challenges his resulting sentence for several reasons. First, he contends the trial court wrongly imposed punishment for both the burglary and the spousal abuse offenses. He argues that because these offenses involved the same course of conduct, the same victim, and the same criminal objective (namely, his objective of inflicting bodily injury on his spouse), the court should have stayed the sentence for one of these offenses under Penal Code section 654.[1] Second, based on recent amendments to sections 654 and 1170 that became effective January 1, 2022, he asserts we should remand the case to the trial court for resentencing consistent with those amendments. Lastly, he contends the trial court wrongly imposed a domestic violence fee that only applies in cases, unlike this one, where the court grants probation. The Attorney General, for his part, ignores the first issue and concedes the rest. We agree with defendant on all counts.

## BACKGROUND

On May 18, 2020, defendant arrived at the home of his spouse, Jenifer G. (See Cal. Rules of Court, rule 8.90(b)(4) [to protect personal privacy interests, courts may omit the last names of victims in criminal proceedings].)[2] Although married, defendant and Jenifer lived in separate residences at the time because of defendant's abusive conduct. Jenifer lived with her mother and four children in Stockton; defendant lived in Galt.

On seeing defendant at the door, Jenifer's mother thought "something wasn't quite right" because defendant "looked very aggressive" and she instructed Jenifer not to open the door. Jenifer opened the door anyway and an argument ensued. Defendant sought to

---

[1] All further statutory references are to the Penal Code.

[2] Undesignated rules references are to the California Rules of Court.

2

leave with his nearly one-year-old daughter, whom he shared with Jenifer. But Jenifer, believing defendant was drunk, said he could not. Jenifer's four children stood nearby.

After a brief argument, defendant forced his way into the home and struck Jenifer on the head three times with a hard object, causing her to fall to the ground. As she fell, Jenifer noticed a gun in defendant's hand and then "everything went black." Jenifer's mother, who had moved to a separate room to call 911, heard a loud noise coming from the living room. Upon hearing the noise, she ran out into the living room where she found Jenifer lying on the floor. She observed the front door open and ran outside after defendant. Defendant stopped and, a moment later, Jenifer's mother heard two or three gunshots. She returned to the home and observed Jenifer covered in blood.

A jury found defendant guilty on five counts: first degree burglary (§ 459), felony infliction of corporal injury on a spouse (§ 273.5, subd. (a)), discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a)), being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and misdemeanor willful cruelty to a child (§ 273a, subd. (b)). With regards to the burglary and corporal injury on a spouse charges, the jury also found true allegations that defendant personally used a firearm (§ 12202.5, subd. (a)) and personally inflicted great bodily injury to his spouse (§ 12022.7, subd. (e)). The jury further, on the burglary count, found one other allegation to be true: a person other than defendant was present in the home at the time of the burglary (§ 667.5, subd. (c)(21)).

In March 2021, the trial court denied defendant probation and sentenced him to an aggregate term of 14 years in state prison, calculated as follows: For count 1, the upper term of six years for the burglary, six additional years for the corresponding firearm enhancement, 16 additional months for the corresponding great bodily injury enhancement, and eight months consecutive on count 4, being a felon in possession of a firearm. The court also sentenced defendant to an additional 13 years, to be served concurrently, calculated as follows: For count 2, the midterm of three years for inflicting corporal injury on a spouse, the midterm of six years for the corresponding firearm

enhancement, and the midterm of four years for the great bodily injury enhancement. The court sentenced defendant to a two-year concurrent term on count 3, discharging a firearm in a grossly negligent manner. With regards to the misdemeanor child cruelty charge, the trial court sentenced defendant to one year in county jail, with credit for time served; the trial court also ordered defendant to pay various fines, fees, and assessments.

Three months later, in June 2021, the court resentenced defendant to address several sentencing errors. It again sentenced him to an aggregate term of 14 years in state prison, though it calculated the time somewhat differently than it previously had. It sentenced him on count 1, the burglary count, to the upper term of six years, four additional years for the corresponding firearm enhancement (midterm), and four additional years for the corresponding great bodily injury enhancement (midterm). The court also sentenced defendant to an additional 11 years, to be served concurrently, calculated as follows: On count 2, the midterm of three years for inflicting corporal injury on a spouse, four additional years for the corresponding firearm enhancement, and four additional years for the corresponding great bodily injury enhancement. The court further sentenced defendant on count 3, to the midterm of two years for discharging a firearm in a grossly negligent manner, and on count 4, the felon in possession of a firearm count, also to the midterm of two years, but it then stayed the sentences imposed in counts 3 and 4 pursuant to section 654. The trial court was silent on resentencing as to the misdemeanor count.

Defendant filed two timely appeals. He filed the first shortly after the trial court sentenced him in March 2021, and he filed the second shortly after the court resentenced him in June 2021. Defendant's two appeals were later consolidated.[3]

---

[3] The consolidated cases were assigned to this panel on May 5, 2022.

**DISCUSSION**

**I.**     *Punishment for Both the Burglary and Spousal Abuse Counts*

Defendant first contends the trial court wrongly imposed punishment for both the burglary and spousal abuse counts. He asserts that because both counts were based on an indivisible course of conduct involving a single victim and a single criminal objective, the court should have stayed punishment on the spousal abuse count per section 654. The Attorney General's brief does not address this issue. We agree with defendant.

At the time of sentencing, section 654, subdivision (a) stated: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (Stats. 1997, ch. 410, § 1.) " 'Although [the statute] "literally applies only where such punishment arises out of multiple statutory violations produced by the 'same act or omission,' " [courts] have extended its protection "to cases in which there are several offenses committed during 'a course of conduct deemed to be indivisible in time.' " ' [Citation.]" (*People v. Ramirez* (2006) 39 Cal.4th 398, 478.) Courts will deem several offenses committed during a course of conduct to be indivisible when " ' " 'all of the offenses were incident to one objective.' " ' " (*People v. Jackson* (2016) 1 Cal.5th 269, 354.) Under those circumstances, absent multiple victims, " ' " 'the defendant may be punished for any one of such offenses but not for more than one.' " ' [Citation.]" (*Ibid.*; see *People v. Deloza* (1998) 18 Cal.4th 585, 592 ["Section 654 does not . . . preclude multiple punishment when the defendant's violent act injures different victims"].)

In this case, the prosecution conceded that defendant had the same criminal objective for both the burglary and spousal abuse counts—namely, the objective of inflicting corporal injury on his wife. In closing argument, the prosecutor argued that the intent to support the burglary charge, was to harm Jenifer. The prosecutor also exhibited a PowerPoint presentation during closing argument, which included a slide that indicated,

5

"To prove that a defendant is guilty of [first degree burglary], the People must prove that: [¶] 1. A defendant entered a building; AND [¶] 2. When he entered a building, he intended to commit Felony Inflicting Injury on his Spouse." Tracking the prosecution's theory of burglary, the jury instructions also supported the prosecution's theory of the burglary charge, that defendant entered Jenifer's home with an intent to commit felony inflicting injury on a spouse. The jury was instructed with CALCRIM No. 1700 which, in relevant part stated: "To prove the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant entered a building; and [¶] 2. When he entered a building he intended to commit Felony Inflicting Injury on a Spouse; and [¶] 3. The structure the defendant entered was a noncommercial establishment."

Under these facts, which firmly establish that defendant harbored the same criminal objective for both the burglary and spousal abuse counts, we conclude the court should have stayed the sentence on the spousal abuse count under section 654. (See *People v. Hester* (2000) 22 Cal.4th 290, 293-294 [defendant pleaded no contest to burglary and felony assault and afterward received a four-year prison term for the burglary and a concurrent three-year term for the felony assault; because " 'the record indisputably establishes that the two offenses were committed with a single intent and objective,' " "the concurrent three-year sentence for the assault count should have been stayed" under § 654].)

## II.    *Recent Amendment to Section 654*

Defendant's next argument concerns a recent amendment to section 654. At the time of sentencing, section 654 required the court to "punish[ ] [defendant] under the provision that provide[d] for the longest potential term of imprisonment"—which in this case, was the burglary count—and then stay the sentence on the spousal abuse count. (Stats. 1997, ch. 410, § 1; see also § 461, subd. (a) [first degree burglary carries a sentence of up to six years]; § 273.5, subds. (a), (f)(1) [willful infliction of corporal injury on a spouse generally carries a sentence of up to four years, but, under certain

6

circumstances, the sentence can be up to five years].)  While this appeal was pending, Assembly Bill No. 518 (2021-2022 Reg. Sess.), amended section 654 to allow trial courts to choose the punishment to impose in these types of cases, stating:  "An act or omission that is punishable in different ways by different provisions of law may be punished under *either of such provisions . . . .*" (Stats. 2021, ch. 441, § 1, italics added.)  Defendant contends we must remand to allow the trial court to exercise its newly authorized discretion under section 654.  The Attorney General agrees, and so do we.

New criminal laws generally operate only prospectively unless the enacting body "expressly" declares a contrary intent. (§ 3.)  But not always.  "[U]nder [*In re Estrada* (1965) 63 Cal.2d 740], ' "[a]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date" [citation], unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent" [citations].' [Citations.]" (*People v. Lara* (2019) 6 Cal.5th 1128, 1134; see also *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5 ["a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed"].)

This presumption favors retroactive application of section 654's new language in this case.  The Legislature's recent changes to section 654, as all parties agree, potentially lessen punishment for defendants. And in making these changes, as all parties further agree, the Legislature evidenced no intent to have these changes apply prospectively only.  For these reasons, and because the statutory amendment became effective before defendant's appeal became final, we agree he is entitled to the statute's ameliorative benefit.  And because we cannot predict how the trial court would have acted had this amendment been in effect at the time of sentencing, we find remand appropriate to allow the trial court to exercise its newly authorized discretion under section 654.  (See *People*

*v. Mani* (2022) 74 Cal.App.5th 343, 379-381 [concluding that Assem. Bill No. 518 applies retroactively and remanding to the trial court for resentencing].)

**III.    *Recent Amendment to Section 1170***

Defendant's next argument concerns another recent statutory amendment, this time involving section 1170. Again, while this appeal was pending, Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170, subdivision (b), providing that a trial court may impose an upper term sentence only where there are aggravating circumstances that justify the imposition of a term exceeding the middle term and the defendant has either stipulated to the facts underlying those circumstances or those facts have been found true beyond a reasonable doubt. (§ 1170, subd. (b)(1)-(2); Stats. 2021, ch. 731, § 1, effective Jan. 1, 2022.) In making this determination, the "court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3); Stats. 2021, ch. 731, § 1.) "These amendments apply retroactively to [defendant] because his conviction was not final when this legislation took effect." (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.) Defendant contends, and the Attorney General concedes, defendant is entitled to the ameliorative benefit of this statute on remand. We agree.

Under *Estrada*, we find section 1170's recent amendment applies retroactively in all cases, like defendant's, not yet reduced to final judgment. The Legislature, as all parties agree, offered no indication that it intended its changes to section 1170 to apply prospectively only. Although for certain earlier amendments to section 1170, the Legislature specified that they should only apply "prospectively" (see § 1170, subd. (h)(7)-(8)), it included no similar language for its changes in Senate Bill No. 567. And these changes, as all parties further agree, potentially lessen punishment for defendants sentenced to the upper term on an offense. For these reasons, we agree section 1170's current statutory language applies retroactively in all nonfinal cases. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 ["the amended version of section 1170,

subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal"]; *People v. Flores, supra*, 75 Cal.App.5th at p. 500 [finding similarly].)

Like the parties before us, we find resentencing under section 1170's current text appropriate in this case. We do not intend or imply that remand for resentencing per section 1170 applies in all cases, however we believe it is necessary given the particular facts of this case. In this case, the record is silent on the justification for imposition of the upper term. According to the trial court, it imposed the upper term because it "f[ound] the aggravating circumstances far outweigh the mitigation" after "[h]aving read and considered the probation report and . . . the facts at trial," but it never detailed the specific aggravating circumstances it found. Additionally, the probation report listed aggravating factors relating both to the nature of the crime, under rule 4.421(a), and relating to the defendant, under rule 4.421(b). If a trial court found true an aggravating fact that it believed supported imposition of an upper term sentence, and if a jury necessarily would have found that same fact true had it considered the matter, then a reviewing court would have not need to remand for resentencing. (See *People v. Flores, supra*, 75 Cal.App.5th at pp. 500-501.) Because, under these circumstances, we cannot say whether a jury would have found any of the factors under rule 4.421(a) to be true, or whether the factors under 4.421(b) carried more weight to the trial court, we must remand for resentencing. (See *People v. Avalos* (1984) 37 Cal.3d 216, 233 [the reviewing court "must . . . reverse where it cannot determine whether [an] improper factor [in aggravation] was determinative for the sentencing court"].)

**IV.** *Domestic Violence Fee*

Lastly, defendant contends the trial court wrongly imposed the $500 domestic violence fee described in section 1203.097. We agree here as well.

At sentencing, the trial court ordered defendant to pay a "$500 domestic violence f[ee] per Penal Code 1203.097(a)(5)." But section 1203.097, subdivision (a) authorizes a

9

court to impose this fee only when the defendant "is granted probation," and, in this case, defendant was not granted probation. For this reason, as the Attorney General concedes, the fee is unauthorized and must be stricken.

## DISPOSITION

The conviction is affirmed and the sentence is vacated. The matter is remanded to the trial court for a full resentencing hearing, consistent with this opinion. Following resentencing, the trial court shall prepare an amended abstract of judgment, which omits the domestic violence fee under section 1203.097, and forward a certified copy to the Department of Corrections and Rehabilitation.


                                        /s/
                                  EARL, J.



We concur:



      /s/
HULL, Acting P. J.



      /s/
HOCH, J.