Filed 3/1/23  P. v. Longoria CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>VINCENT SAMUEL LONGORIA,<br><br>　　Defendant and Appellant. | G061584<br><br>(Super. Ct. No. 18CF1152)<br><br>O P I N I O N |

　　　　　Appeal from a judgment of the Superior Court of Orange County, Robert A. Knox, Judge.  Affirmed in part, reversed in part, and remanded with directions.

　　　　　Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Vincent Samuel Longoria appeals from a judgment after a jury convicted him of carjacking and vandalism.  He argues the trial court erred by failing to stay execution of his sentence on the vandalism conviction pursuant to Penal Code section 654.[1]  The Attorney General agrees, as do we.  Accordingly, we reverse this aspect of Longoria's sentence and remand with directions.  In all other respects, we affirm the judgment.

FACTS

Brian N. was taking an afternoon break from his restaurant job.  He was sitting in the driver's seat of his Toyota, which was parked in a lot near the restaurant.  His car keys were on his lap, and the driver-side door was open.

Brian N. saw a man, later identified as Longoria, approaching him.  Longoria said he "needed" or "wanted" the car and grabbed the keys from Brian N.'s lap.  A struggle ensued.  As Brian N. was trying to get out of the car, Longoria dragged him out by the shirt.  Longoria shoved Brian N. against a nearby Nissan, creating a dent in its side.  After Longoria punched him in the ribs and face, Brian N. fell to the ground.  Longoria then got into the Toyota and drove off.

An information charged Longoria with felony carjacking (§ 215, subd. (a); count 1) and misdemeanor vandalism of the Nissan (§ 594, subd. (a); count 2).

A jury found Longoria guilty on both counts.  Without objection, the court sentenced him to five years in state prison on count 1 and 180 days in county jail on count 2, to be served concurrently.[2]  The court awarded Longoria 226 days of total credit.

---

[1]   All further statutory references are to the Penal Code.

[2]   The trial court's oral pronouncement of sentence on count 2 was not reflected in the original and amended abstracts of judgment.  When there is a discrepancy between the two, the oral pronouncement controls and we have "inherent power to correct such clerical error on appeal, whether on our own motion or upon application of the parties." (*People v. Jones* (2012) 54 Cal.4th 1, 89.)

2

DISCUSSION

Longoria contends, and the People concede, the sentence imposed on count 2 should have been stayed under section 654. We agree.

"An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) The "'act or omission'" may be either "a discrete physical act [or] a course of conduct encompassing several acts pursued with a single objective." (*People v. Corpening* (2016) 2 Cal.5th 307, 311 (*Corpening*).) "Whether a defendant may be subjected to multiple punishment under section 654 requires a two-step inquiry . . . ." (*Ibid.*) First, we "examine the facts of the case to determine whether multiple convictions are based upon a single physical act." (*Id.* at p. 312.) "If so, the defendant may not be punished more than once for that act. Only if we conclude that the case involves more than a single act—i.e., a course of conduct—do we then consider whether that course of conduct reflects a single 'intent and objective' or multiple intents and objectives." (*Id.* at p. 311.)

"Although the question of whether defendant harbored a 'single intent' within the meaning of section 654 is generally a factual one, the applicability of the statute to conceded facts is a question of law." (*People v. Harrison* (1989) 48 Cal.3d 321, 335 (*Harrison*).) Generally, we will correct a section 654 error "'regardless of whether the point was raised by objection in the trial court or assigned as error on appeal.'" (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

After review of the appellate record, we agree with the parties that Longoria's conduct "reflects a single 'intent and objective'": the forceful taking of the Toyota. (*Corpening*, *supra*, 2 Cal.5th at p. 313.) To gain access to the vehicle he intended to carjack, Longoria pulled Brian N. out of the driver's seat and pushed him against the Nissan. The force from the push dented the Nissan. Nothing in the record points to another reason why Longoria would have intended to damage the Nissan. The

3

offense of vandalism, therefore, was "merely incidental to" or was "the means accomplishing or facilitating" the carjacking.  (*Harrison*, *supra*, 48 Cal.3d at p. 335.) Accordingly, the vandalism sentence must be stayed under section 654.

DISPOSITION

The judgment is reversed in part, and the matter is remanded to the trial court with directions to stay execution of sentence on count 2, prepare an amended abstract of judgment that reflects the sentence on count 2 is stayed under section 654, and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


DELANEY, J.

WE CONCUR:


GOETHALS, ACTING P. J.


MOTOIKE, J.

4