92 Cal.Rptr.2d 641 (2000)
992 P.2d 569
22 Cal.4th 290
The PEOPLE, Plaintiff and Respondent,
v.
George R. HESTER, Defendant and Appellant.
In re George R. Hester on Habeas Corpus.
No. S077187.
Supreme Court of California.
February 17, 2000.
Rehearing Denied April 12, 2000.
*643 Dallas Sacher, under appointment by the Supreme Court, Santa Clara, for Defendant and Appellant.
Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Ronald A. Bass, Assistant Attorney General, Moona Nandi, Joan Killeen and Frances Marie Dogan, Deputy Attorneys General, for Plaintiff and Respondent.
*642 BROWN, J.
California Rules of Court, rule 412(b) provides: "By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates [Penal Code] section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record."[1]
The question presented by this case is whether rule 412(b) is invalid because it conflicts with section 654. We conclude there is no conflict.

Factual and Procedural Background
Defendant broke into his former girlfriend's residence, stabbed her new boyfriend, and battered her. He was charged with felony assault (§ 245, subd. (a)(1)), burglary (§§ 459, 460, subd. (a)), misdemeanor battery (§§ 242, 243, subd. (e)), and misdemeanor vandalism (§ 594, subd. (b)(4)). The information alleged he personally used a dangerous or deadly weapon (§§ 667, 1192.7, subd. (c)) in the commission of the felony assault, and entered the residence with intent to commit felony assault. After the information was filed, defendant wrote threatening letters to his former girlfriend and her new boyfriend. A felony complaint was then filed accusing him of attempting to dissuade a witness (§ 136.1, subd. (c)(1)).
Defendant entered no contest pleas to the five substantive counts and admitted the personal use allegation in exchange for an agreed term of four years in state prison. Defendant's appointed trial counsel appeared at the change of plea hearing and concurred in defendant's decision to accept the plea bargain, but did not appear at the sentencing hearing. Instead, another deputy public defender made a special appearance on his behalf at the sentencing hearing and made no objection to the sentence imposeda four-year prison term for the burglary count, concurrent three-year terms for the felony assault and dissuading counts, and concurrent jail terms for the misdemeanor counts.
On appeal, defendant claimed the trial court's failure to stay the three-year term imposed for the assault count violated section 654 because the burglary and the assault were committed pursuant to a single intent and objective. In a petition for writ of habeas corpus filed in conjunction with the appeal, defendant contended trial counsel were ineffective insofar as they failed to preserve the section 654 issue for appeal.
Holding rule 412(b) invalid to the extent that it permits trial courts to violate section 654 in the absence of an implicit or explicit waiver by the defendant, the Court of Appeal modified the judgment to reflect the concurrent term imposed for the felony *644 assault count was stayed pursuant to section 654. As modified the judgment was affirmed. The petition for writ of habeas corpus was dismissed as moot. We granted review to consider the validity of rule 412(b).

Discussion
Section 654 precludes multiple punishments for a single act or indivisible course of conduct. (People v. Miller (1977) 18 Cal.3d 873, 885, 135 Cal.Rptr. 654, 558 P.2d 552.) In this case, as the Court of Appeal noted, "the record indisputably establishes that the two offenses were committed with a single intent and objective. The admitted charging allegations stated that the burglarious entry was perpetrated with the intent to commit the felony assault." Under section 654, therefore, the concurrent three-year sentence for the assault count should have been stayed. (People v. Radii (1977) 76 Cal. App.3d 702, 713, 142 Cal.Rptr. 233.) The People assert, however, rule 412(b) precludes defendant from challenging his sentence on this ground because, "My agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record." (Rule 412(b).)
To improve the administration of justice, the Judicial Council is authorized to "adopt rules for court administration, practice and procedure," provided the rules are not "inconsistent with statute." (Cal. Const., art. VI, § 6; see People v. Hall (1994) 8 Cal.4th 950, 960, 35 Cal.Rptr.2d 432, 883 P.2d 974; In re Robin M. (1978) 21 Cal.3d 337, 346, 146 Cal.Rptr. 352, 579 P.2d 1.) Defendant contends rule 412(b) is invalid because it is inconsistent with section 654.
Section 654, subdivision (a), provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Ordinarily, a section 654 claim is not waived by failing to object below. "[T]he waiver doctrine does not apply to questions involving the applicability of section 654. Errors in the applicability of section 654 are corrected on appeal regardless of whether the point was raised by objection in the trial court or assigned as error on appeal." (People v. Perez (1979) 23 Cal.3d 545, 549-550, fn. 3, 153 Cal.Rptr. 40, 591 P.2d 63.) This is an exception to the general rule that only those claims properly raised and preserved by the parties are reviewable on appeal. This exception is not required by the language of section 654, but rather by case law holding that a court acts in excess of its jurisdiction and imposes an unauthorized sentence when it fails to stay execution of a sentence under section 654. (See People v. Scott (1994) 9 Cal.4th 331, 354, fn. 17, 36 Cal.Rptr.2d 627, 885 P.2d 1040.)
The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a specified sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack fundamental jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. (People v. Couch (1996) 48 Cal.App.4th 1053, 1056-1057, 56 Cal.Rptr.2d 220; People v. Nguyen (1993) 13 Cal.App.4th 114, 122-123, 16 Cal.Rptr.2d 490; see In re Griffin (1967) 67 Cal.2d 343, 347-348, 62 Cal.Rptr. 1, 431 P.2d 625.) While failure to object is not an implicit waiver of section 654 rights, acceptance of the plea bargain here was. "When a defendant maintains *645 that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain." (People v. Couch, supra, 48 Cal.App.4th at p. 1057, 56 Cal.Rptr.2d 220.) Rule 412(b) and section 654 are, therefore, not in conflict. In adopting the rule, the Judicial Council merely codified one of the applications of the case law rule that defendants are estopped from complaining of sentences to which they agreed.
Defendant next contends rule 412(b) does not apply here because he did not agree to a concurrent term for felony assault: "[Defendant was never told that a concurrent term for his assault with a deadly weapon conviction was a term of the plea bargain. Thus, defendant did not waive the application of section 654 as to that count."
This contention lacks merit as well. Rule 412(b) sets out the conditions under which a defendant who is sentenced to an agreed-upon prison term is deemed to have abandoned a section 654 claim. Those conditions are satisfied here. Again, rule 412(b) provides: "By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record." Defendant did "agree[] to a specified prison term personally and through counsel." At the change of plea hearing, the deputy district attorney informed the court that defendant would plead no contest to the five substantive counts and admit the personal use allegation. He added, "the Court has indicated a four-year prison [sentence], top/bottom." The court asked defendant whether any promises had been made to him, and defendant replied that the only promise was "that I would receive no more than four years." Defendant then entered the indicated pleas, and defense counsel concurred in them. Defendant was "sentenced to that term or a shorter one." He was sentenced to a four-year prison term for the burglary count. He did not raise a section 654 objection to any possible concurrent terms "at the time the agreement [was] recited on the record," namely, at the change of plea hearing. Therefore, he abandoned "any claim that any component of the sentence violates section 654's prohibition of double punishment."
Had defendant been truly surprised at the time of sentencing to find that concurrent terms were being imposed, his remedy would have been to attempt to withdraw his plea on the grounds of violation of the plea bargain. (See People v. Walker (1991) 54 Cal.3d 1013, 1 Cal.Rptr.2d 902, 819 P.2d 861.) He did not do so, however. In a declaration attached to the petition for writ of habeas corpus, the attorney who represented defendant at the change of plea hearing stated he had intended to make a section 654 objection at the sentencing hearing. As it turned out, though, defendant was represented by a different deputy public defender at the sentencing hearing, and that attorney did not make a section 654 objection.
Anticipating that he might be deemed to have abandoned his section 654 claim because of counsel's failure to raise it at the change of plea hearing, defendant contends he thereby received ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show: (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial. (People v. Scott (1997) 15 Cal.4th 1188, 1211, 65 Cal. Rptr.2d 240, 939 P.2d 354.) As the People point out, defendant's assault conviction could be used under the three strikes law even if it had been stayed under section *646 654. (See People v. Benson (1998) 18 Cal.4th 24, 26, 74 Cal.Rptr.2d 294, 954 P.2d 557.) Defendant concedes the People's "predicate point regarding the strikes law is correct." However, he contends "their conclusion is wrong." "[I]t is the general rule that a count stayed under section 654 may not later be used against the defendant for any punitive purpose," he asserts. Defendant makes no attempt, though, to explain what prejudice, specifically, he fears from the failure to stay the assault conviction. (Indeed, at oral argument defendant's counsel conceded there is no prejudice under current law.) Accordingly, he fails to shoulder the burden a habeas corpus petitioner alleging ineffective assistance of counsel must carry  showing a reasonable probability that but for counsel's error the result would have been different. (See In re Fields (1990) 51 Cal.3d 1063, 1078, 275 Cal.Rptr. 384, 800 P.2d 862.) No prejudice having been shown, we need not determine whether counsel's performance was deficient. (See Strickland v. Washington (1984) 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674; In re Jackson (1992) 3 Cal.4th 578, 604, 11 Cal. Rptr.2d 531, 835 P.2d 371.)

Disposition
The judgment of the Court of Appeal is reversed insofar as it modified the trial court's judgment to reflect that the concurrent term imposed for the felony assault count was stayed pursuant to section 654. In all other respects, the judgment of the Court of Appeal is affirmed.
GEORGE, C.J., BAXTER, J., and CHIN, J., concur.
Dissenting Opinion by KENNARD, J.
Defendant broke into his ex-girlfriend's home and attacked both her and her new boyfriend. After his arrest, he wrote threatening letters to the victims. He entered a plea of no contest to charges of burglary, assault with a deadly weapon, and three other offenses not pertinent here, with the understanding that he would be sentenced to four years in total. The plea bargain said nothing about the count or counts forming the basis for the four-year sentence.
As relevant here, the trial court imposed a four-year prison sentence for the burglary and a concurrent three-year term for assault with a deadly weapon. On appeal, defendant argued that the trial court should have stayed the assault sentence under Penal Code section 654 (hereafter section 654), which bars multiple punishment for crimes "`incident to one objective.' " (People v. Latimer (1993) 5 Cal.4th 1203, 1208, 23 Cal.Rptr.2d 144, 858 P.2d 611.) The Court of Appeal agreed, rejecting the Attorney General's assertion that rule 412(b) of the California Rules of Court (hereafter rule 412(b)) barred defendant from raising the section 654 issue. Today, the majority reverses the Court of Appeal's judgment, which I would uphold.

I
Rule 412(b) provides: "By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record." The accompanying comment by the Judicial Council's Advisory Committee explains that the rule "is based on the fact that a defendant who, with the advice of counsel, expresses agreement to a specified prison term normally is acknowledging that the term is appropriate for his or her total course of conduct." (Advisory Com. com., 23 pt. 2 West's Ann. Codes Rules (1996 ed.) foll, rule 412(b), p. 8, italics added.)
Rule 412(b) is inapplicable here. Defendant is not trying to reduce his sentence below the four-year prison term specified in the plea bargain, nor does he challenge the propriety of that sentence. He merely seeks to correct the trial court's error in *647 not staying the three-year sentence for the assault with a deadly weapon. As defendant points out, that charge arose out of the same course of conduct as the burglary charge and therefore should have been stayed under section 654. The majority concedes (maj. opn., ante, 92 Cal.Rptr.2d at pp. 644-645, 992 P.2d at pp. 571-572) that a sentence in violation of section 654 is an "`unauthorized' sentence" (People v. Scott (1994) 9 Cal.4th 331, 354, fn. 17, 36 Cal.Rptr.2d 627, 885 P.2d 1040) that generally may be corrected on appeal without an objection by the defendant in the trial court (People v. Perez (1979) 23 Cal.3d 545, 549-550, fn. 3, 153 Cal.Rptr. 40, 591 P.2d 63).
Relying on rule 412(b), however, the majority holds that defendant's plea bargain was an "implicit waiver" of the section 654 issue. (Maj. opn., ante, 92 Cal.Rptr.2d at p. 645, 992 P.2d at p. 573.) I disagree. "[A] waiver is `an intentional relinquishment or abandonment of a known right or privilege.'" (People v. Panizzon (1996) 13 Cal.4th 68, 85, 51 Cal.Rptr.2d 851, 913 P.2d 1061; see also Cowan v. Superior Court (1996) 14 Cal.4th 367, 371, 58 Cal.Rptr.2d 458, 926 P.2d 438.) Here, there was nothing in the terms of defendant's plea bargain that could be read as a waiver, express or implied, of his right to challenge the trial court's violation of section 654. That violation occurred at sentencing, four weeks after defendant's plea of no contest to the charges. When defendant entered his plea he had no reason to anticipate the trial court's failure to stay the three-year sentence for the assault with a deadly weapon, as required under section 654.
According to the majority: "Had defendant been truly surprised at the time of sentencing to find that concurrent terms were being imposed, his remedy would have been to attempt to withdraw his plea on the grounds of violation of the plea bargain." (Maj. opn., ante, 92 Cal.Rptr.2d at p. 645, 992 P.2d at p. 573.) As I noted earlier, defendant and the prosecutor agreed to a total sentence of four years, and that is what the trial court imposed. At no time during the appellate process has defendant contended that the court violated the plea bargain. Nor would such a challenge have been proper. As the comment to rule 412(b) states, by agreeing to a certain sentence under a plea bargain, a defendant acknowledges "that the term is appropriate for his or her total course of conduct." (Advisory Com. Com., 23 pt. 2 West's Ann. Codes, Rules, supra, foil, rule 412(b), at p. 8.) Here, defendant challenges only the trial court's improper imposition of a three-year concurrent sentence for the assault with a deadly weapon, a matter on which the plea agreement was silent. Had the agreement specified a stay of the assault sentence, defendant could and, to prevent application of the waiver doctrine, should have moved to withdraw his plea of no contest when instead of staying the assault sentence the trial court ordered it to be served concurrently. Because the plea bargain said nothing about the matter, defendant's proper remedy was to raise the issue on appeal, as he has done.

II
For the reasons given above, I conclude that rule 412(b) does not apply in this case. Therefore, defendant has properly raised the section 654 issue on appeal. As I have explained, the trial court erred in not staying the three-year sentence for the assault with a deadly weapon, as required under section 654. (Staying that sentence would not affect the total of four years' imprisonment under the plea bargain.)
I would affirm the judgment of the Court of Appeal.
MOSK, J., and WERDEGAR, J., concur.
NOTES
[1] All further rule references are to the California Rules of Court; all further section references are to the Penal Code.