Filed 5/3/13  P. v. Cooper CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056157 |
| v. | (Super.Ct.No. SWF1101154) |
| FREDRICK WARREN COOPER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael B. Donner, Judge. Affirmed as modified.

Hart J. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Fredrick Warren Cooper guilty of unlawfully taking or driving a vehicle, while having a previous vehicle theft conviction (Pen. Code,

1

§ 666.5; Veh. Code, § 10851, subd. (a), count 1) and grand theft of property over $950 (Pen. Code, § 487, subd. (a), count 2).[1]  Defendant admitted that he had a previous vehicle theft conviction (Pen. Code, § 666.5) and that he had served seven prior prison terms (Pen. Code, § 667.5, subd. (a).)  The trial court sentenced him to three years on count 1 and a consecutive eight months on count 2, plus one year for each of the prison priors, for a total term of 10 years eight months in state prison.  However, pursuant to Penal Code section 1170, subdivision (h), the court ordered defendant to serve seven years in county jail, followed by three years eight months on supervised release.

On appeal, defendant contends that the trial court erred in failing to stay the sentence on count 2 under section 654.  The People concede, and we agree.  In all other respects, we affirm the judgment.

FACTUAL BACKGROUND

On the evening of January 23, 2011, the victim drove his car to his friend's home, parked in front of the house, and went inside.  The victim left his two dogs in his car.  One of the dogs was a boxer and the other one was an English bulldog.  The victim had previously purchased the boxer for $1,800 and the English bulldog for $3,800.  The victim stayed at his friend's house for about two hours.

While the victim was at his friend's house, defendant stopped by.  The victim began taking a shower at his friend's house.  Defendant left the house while the victim was in the

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

shower.  After the victim got out of the shower, he discovered that his car and his dogs were gone.

At 5:22 a.m. the next day, police officers received an alert from a car with a Lojack system.  The car had been reported as stolen.  The police located the car and conducted a traffic stop.  Defendant was driving the car, and there was an English bulldog in the backseat.  The victim was later called to the police station, and he identified the car and the dog as his own.  The victim subsequently found his other dog at the house of one of defendant's friends.

ANALYSIS

The Sentence on Count 2 Should Have Been Stayed Under Section 654

Defendant argues that the consecutive sentence on count 2 violated section 654 since counts 1 and 2 arose from an indivisible course of conduct.  The People correctly concede.

A.  *Section 654*

"Section 654 precludes multiple punishments for a single act or indivisible course of conduct.  [Citation.]"  (*People v. Hester* (2000) 22 Cal.4th 290, 294.)  "It is defendant's intent and objective, not the temporal proximity of his offenses, which determine whether the transaction is indivisible.  [Citations.]  We have traditionally observed that if all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once.  [Citation.]  [¶]  If, on the other hand, defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, 'even

3

though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' [Citation.]" (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)

Defendant was sentenced to three years on count 1 (unlawfully taking a vehicle), and a consecutive sentence of eight months on count 2 (grand theft of the English bulldog). However, the theft of the vehicle and the English bulldog occurred at the same time, by the same act of taking the victim's car. The bulldog was in the backseat of the car. Since defendant was convicted of multiple offenses arising from an indivisible course of conduct, the consecutive sentence on count 2 should be stayed under section 654.

## DISPOSITION

The judgment is modified to stay the sentence on defendant's conviction for grand theft (count 2) pursuant to Penal Code section 654. The superior court clerk is directed to amend the sentencing minute order to reflect that count 2 is stayed pursuant to Penal Code section 654 and to forward a copy of the amended minute order to the Riverside County Sheriff's Department. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

RICHLI
J.

4