Filed 2/5/15  P. v. Nolen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JIMMY GARFIELD NOLEN,<br><br>    Defendant and Appellant. | C076588<br><br>(Super. Ct. No. 13F04359) |

This appeal is about sentencing.  Defendant Jimmy Garfield Nolen contends he should be able to challenge on appeal an unauthorized sentence for a weapon use enhancement that was part of a negotiated plea.  Relying on California Supreme Court precedent, we hold defendant is estopped from raising this contention because he received the eight-year state prison sentence for which he bargained.  We therefore affirm the judgment, but we do order the trial court to amend the abstract of judgment (on another matter) to conform to the sentence imposed.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant pled no contest to making a criminal threat and inflicting corporal injury on a cohabitant and admitted a weapon use enhancement, a great bodily injury enhancement, and a prior prison term enhancement.

Before defendant pled no contest and admitted the enhancements, the court stated the following: "The potential sentence . . . is 12 years, 4 months . . . ." "Instead of the maximum, you're going to be sentenced to eight years in prison, as the attorneys have outlined." Defendant then said "Yes," when the court asked if he understood the range of sentence.

The attorneys had outlined the following: the upper term of four years for inflicting corporal injury on a cohabitant, plus the lower term of three years for personally inflicting great bodily injury, plus one year for the prior prison term. As to the weapon use enhancement, the court and the prosecutor had the following exchange:

"[THE COURT]: I guess I can CC the weapon [use enhancement].

"[THE PROSECUTOR]: Yeah, that's fine as well. You could do that.

"THE COURT: I actually never CC'd one enhancement with another. Maybe I'll also voice it will be a 654. It's not really a 654 either. [¶] I'm not sure that he doesn't just get the greater of the two. I'll figure something out."

Defendant responded "[y]es" when asked if he understood what the court "said about the range of sentences and about the sentence you're going to receive." Defendant also responded, "[y]es" when the court asked if he "waive[d] referral to the probation department so that we can sentence you today?"

The court then orally pronounced the following sentence: the upper term of four years for inflicting corporal injury on a cohabitant, plus the lower term of three years for personally inflicting great bodily injury, plus one year for the prior prison term. The court also imposed a concurrent two years for making a criminal threat, and a concurrent

2

one year for the weapon use enhancement. The "aggregate term in state prison remains eight years."

Defendant contends on appeal that: (1) the concurrent term for the weapon use enhancement was unauthorized because the law requires a consecutive term, so this court should either strike the enhancement or remand for a restructuring of the sentence; and (2) the abstract of judgment must be corrected to show that the one-year enhancement for the prior prison term was imposed pursuant to Penal Code[1] section 667.5 and not section 273.5.

## DISCUSSION

## I

### *Defendant Is Estopped From Challenging On Appeal His Negotiated Sentence*

The weapon use enhancement at issue here is found in section 12022, subdivision (b), which provides in pertinent part as follows: "A person who personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for one year, unless use of a deadly or dangerous weapon is an element of that offense." Defendant and the People both agree that the concurrent sentence the trial court here imposed for this enhancement was an unauthorized sentence because the law requires a consecutive sentence.

A defendant who fails to object at trial to an unauthorized sentence generally does not forfeit the ability to challenge that sentence on appeal. However, one who negotiates a plea in exchange for a specified sentence does. "The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a

---

[1] Further section references are to the Penal Code.

3

*specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.] While failure to object is not an implicit waiver of section 654 rights, acceptance of the plea bargain here was. 'When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.' " (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

Defendant's contention that he should be able to challenge as unauthorized the concurrent sentence he received for the weapon use enhancement is governed by the rationale of *Hester*. In *Hester*, the trial court did not have to structure as it did the portion of the sentence that was unauthorized under section 654 to achieve the stipulated term of imprisonment. (*People v. Hester*, *supra*, 22 Cal.4th at pp. 293-294.) Nevertheless, the California Supreme Court held that the defendant was estopped from challenging the unauthorized sentence under section 654 even though that was not an agreed-to part of his sentence. (*Hester*, at pp. 295-296.) The California Supreme Court explained that by agreeing to a " 'specified prison term,' " " 'a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment.' " (*Hester*, at p. 296.) We see no principled basis to distinguish an unauthorized sentence under section 654 from an unauthorized sentence under section 12022 with regard to the estoppel principle announced in *Hester*.

Here, as in *Hester*, defendant gained the benefit of a lesser sentence (eight years) when, absent the negotiated plea, he faced a much longer possible sentence (12 years and four months). When asked if he understood what the court "said about the range of

4

sentences and about the sentence you're going to receive," defendant responded, "[y]es." Accordingly, his claim of an unauthorized sentence is governed by the rationale of *Hester*, and he is estopped from raising this issue on appeal.

## II

### *The Trial Court Must Correct The Abstract Of Judgment*

Defendant admitted and the trial court imposed a one-year prior prison enhancement pursuant to section 667.5. However, the abstract of judgment in box 3 shows that the prior prison term was imposed pursuant to "273.5(e)(1)." Defendant correctly contends the abstract of judgment must be corrected to reflect that this enhancement was imposed pursuant to section 667.5.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment reflecting that the one-year enhancement in box 3 was imposed pursuant to section 667.5 instead of "273.5(e)(1)." The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


      ROBIE      , Acting P. J.


We concur:


    MURRAY    , J.


    HOCH    , J.


5