Filed 12/4/20  P. v. Sims CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ZEVONZELL EUGENE SIMS,<br><br>    Defendant and Appellant. | B306661<br><br>(Los Angeles County<br>Super. Ct. No. TA025516) |

THE COURT:

Zevonzell Eugene Sims was charged with one count of first degree murder, three counts of attempted premeditated murder, and one count of shooting at an occupied vehicle.  In a 1994 plea agreement, Sims waived his constitutional rights and pleaded no contest to second degree murder, with personal use of a firearm.  (Pen. Code, §§ 187, 12022.5.)[1]  The court accepted his plea.  At

---

[1] Undesignated statutory references are to the Penal Code.

sentencing, the court denied Sims's request to withdraw his plea and sentenced him to 15 years to life in prison, plus a three-year firearm enhancement.

In April 2020, Sims petitioned for a writ of habeas corpus. The trial court summarily denied the petition. Sims filed a timely notice of appeal.

Appointed counsel filed an appellate brief raising no issues. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) We evaluate here the contentions made in Sims's supplemental brief. (*People v. Kelly* (2006) 40 Cal.4th 106, 120–124.)

Sims's petition asserts he was a minor when he entered his plea in 1994; he contends that he did not understand the plea. He maintains that the trial court had no legal basis to deny his request to withdraw his plea in 1995. He has not been able to obtain a transcript of that proceeding, despite repeated requests.

The trial court denied Sims's request for the transcript in 2003, finding "insufficient cause." In 2015, the court reporter declared that the proceeding cannot be transcribed because the court destroyed the reporter's notes after 10 years. The district attorney's office does not have a reporter's transcript of the sentencing hearing to offer.

We cannot provide Sims with relief. Neither his former attorney nor the district attorney have the reporter's transcript; the reporter declared that her notes were destroyed so there is nothing to transcribe. Sims's sentence cannot be recalled on the grounds that a reporter's transcript is unavailable.

The 1994 transcript shows that Sims waived his right to trial and entered a plea. A conviction entered on a no contest plea generally does not present any issue warranting relief. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1097.) Defendants

cannot complain of sentences to which they agreed.  (*People v. Hester* (2000) 22 Cal.4th 290, 295–296.)

Sims cited section 1170 as a basis for recalling his sentence. Section 1170, subdivision (d)(1) requires the recommendation of the Board of Parole Hearings or the district attorney to recall a sentence.  We see no such recommendation in the record.  Section 1170, subdivision (d)(2) applies to juveniles sentenced to prison for life without the possibility of parole; it does not apply to Sims.

Sims indicates that he has petitioned for a youth offender parole hearing.  (§ 3051; *People v. Franklin* (2016) 63 Cal.4th 261.)  That procedure may provide an appropriate pathway for Sims to obtain relief for a life sentence imposed when he was a juvenile.  The order denying Sims's petition is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.            ASHMANN-GERST, J.            CHAVEZ, J.