Filed 12/21/23  P. v. Weldon CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DENNIS ANTHONY WELDON,<br><br>　　Defendant and Appellant. | 2d Crim. No. B321956<br>(Super. Ct. No. 21CR00636)<br>(Santa Barbara County) |

Dennis Anthony Weldon pleaded no contest to resisting arrest (Pen. Code,[1] § 69) and attempted criminal threats (§§ 422, 664).  Pursuant to a negotiated dispostion, the trial court imposed a stipulated sentence of the upper term of three years for resisting arrest and four months for attempted criminal threats.  Appellant was released on probation.  This was a very lenient disposition.  He was facing a mandatory prison sentence.  And it

---

[1] Further unspecified statutory references are to the Penal Code.

seems obvious that the trial court wanted a "sword of Damocles" hanging over appellant's head to "catch his attention." As we explain, this did not work.

Appellant contends his sentence must be vacated and remanded for a new hearing because Senate Bill No. 567, which amended section 1170, applies to his case. We disagree.

FACTS AND PROCEDURAL HISTORY

Appellant was arrested for disturbing the peace at a veteran's clinic. During the arrest, he refused to walk to the patrol car and threatened to kill not only the arresting sheriff's deputy, but his family as well. During a search, deputies found a knife in appellant's jacket pocket.

As well as the substantive offenses, it was alleged that appellant had two prior strike convictions (§667, subds. (d)(1) & (e)(1)). It also alleged that he was ineligible for probation pursuant to section 1203, subdivision (e)(4) and that he had been convicted of a serious felony pursuant to section 1170, subdivision (h)(3).

Pursuant to a negotiated plea agreement, the trial court imposed the upper term of three years pursuant to the agreement of the People and appellant.

One of the terms of probation was that appellant abstain from alcohol. But two months later, sheriff's deputies responded to a domestic dispute involving appellant. The deputies noticed appellant's speech was slurred and his eyes were glassy. They arrested appellant and administered a preliminary alcohol screening test. Appellant's blood alcohol content was 0.043.

Following a hearing, the trial court found appellamt violated probation. It imposed the previously suspended term of three years four months in state prison. The trial court noted

2

that defense counsel "can take a look at the question of whether [the] upper term is appropriate given the circumstances, but it was the selected sentence at the time [appellant was] put on probation, and the sentence can always be recalled if the law is clear and the circumstances are clear, but at this point I'm going to follow through with the previously suspended sentence, three years and four months."[2]

## DISCUSSION

Senate Bill 567 amended section 1170 such that the middle term is now the presumptive term of imprisonment. Pursuant to this newly amended law, the trial court "shall, in its sound discretion, order imposition of a sentence not to exceed the middle term" unless there are "circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(1), (2).)

Here, by reason of the stipulation, appellant consented to, i.e., agreed to, the upper term. Phrased otherwise, appellant agreed that there were "circumstances in aggravation." He certainly did not object thereto because he was a candidate for prison. He should be estopped to now claim refuge under the Senate Bill 567 umbrella. In the presenting situation, the trial court has no discretion to impose any term other than what was agreed to. Were we to agree with appellant, we would have to

---

[2] This statement is enigmatic. The trial court could not alter the terms of a previously imposed sentence with execution of the sentence suspended. (*People v. Howard* (1997) 16 Cal.4th 1081, 1087.)

3

erase appellant's signature from the written negotiated disposition and his oral agreement in the reporter's transcript. This is referred to in the case law as the defendant not being allowed to "trifle" with the court. (E.g., *People v. Hester* (2000) 22 Cal.4th 290, 295.)

Nevertheless, appellant contends we must vacate his sentence and remand the matter because he did not stipulate to the facts underlying the aggravated circumstances nor were they proven beyond a reasonable doubt as required by amended section 1170, subdivision (b). The Attorney General argues Senate Bill 567 applies retroactively (*In re Estrada* (1965) 63 Cal.2d 740, 745), but contends Senate Bill 567 is inapplicable because the trial court had no discretion to impose a sentence other than the stipulated sentence.

Currently the Courts of Appeal are split on whether a defendant, like appellant, who received an upper term sentence pursuant to a plea agreement is entitled to remand because of Senate Bill 567. This issue is pending before our Supreme Court. (*People v. Todd* (2023) 88 Cal.App.5th 373, 381-382 [defendant entitled to remand], review granted Apr. 26, 2023, S279154; *People v. Fox* (2023) 90 Cal.App.5th 826, 835 [same]; *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057-1059 [defendant not entitled to remand], review granted Dec. 14, 2022, S277314 (*Mitchell*); *People v. Sallee* (2023) 88 Cal.App.5th 330, 340-341 [same], review granted Apr. 26, 2023, S278690 (*Sallee*).)

We have considered these cases and the alternate approaches. We disagree with *Todd* and *Fox* and conclude that there is no need for remand. Appellant agreed to the upper term and given his dismal criminal history, this was a substantial

4

concession.  To further lessen his sentence now seems a bounty in excess of which he is entitled.

In *People v. Mitchell, supra*, the Court of Appeal observed that the language of amended section 1170, subdivision (b)(1) states that the trial court " 'shall, in its *sound discretion*, order imposition of a sentence not to exceed the middle term.' " (*Mitchell*, at p. 1058.)  The *Mitchell* court reasoned that the plain language thus "indicates that the statute was not intended to apply to sentences imposed pursuant to a stipulated plea agreement," in which the trial court lacked discretion to select the sentence and was limited to either accepting or rejecting the plea agreement.  (*Ibid.*; see also *Sallee, supra*, 88 Cal.App.5th at pp. 338-340 ["the amendments to section 1170 . . . are inapplicable under the plain language of the statute"].)  The rule and rational of *People v. Mitchell, supra,* makes common sense and actually comports with the practical considerations which are at play in any negotiated disposition.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.


I concur:


GILBERT, P. J.

5

BALTODANO, J., Dissenting:

I respectfully dissent.  In my view, Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567) applies to Weldon's stipulated sentence.  This issue is pending before our Supreme Court and the Courts of Appeal are split on this issue.  (*People v. Todd* (2023) 88 Cal.App.5th 373, 381-382 [defendant entitled to remand], review granted Apr. 26, 2023, S279154; *People v. Fox* (2023) 90 Cal.App.5th 826, 835 [same]; *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057-1059 [defendant not entitled to remand], review granted Dec. 14, 2022, S277314; *People v. Sallee* (2023) 88 Cal.App.5th 330, 340-341 [same], review granted Apr. 26, 2023, S278690.)  The importance of this issue cannot be understated.  A substantial number of criminal cases are resolved through plea-bargained sentences (see *People v. West* (1970) 3 Cal.3d 595, 604-605).  I agree with *Todd* and *Fox* and conclude this case should be remanded.

"[T]he question of how an ameliorative statute applies to plea-bargained sentences is one of legislative intent."  (*People v. Carter* (Dec. 8, 2023, D082219) __ Cal.App.5th __ [2023 WL 8518903 at p. *9].)  Scrutinizing plea-bargained upper term sentences is consistent with Senate Bill 567's legislative intent to ensure that "the harshest sentences receive the greatest scrutiny and justification before they are meted out."  (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 567 (2021–2022 Reg. Sess.) as amended May 20, 2021, p. 3.)  The need for increased judicial oversight of plea-bargained sentences is particularly important here.  Although the probation department recommended the middle term, the court imposed the upper term without indicating why it was doing so.  Plea-bargained sentences should not relegate trial judges to the status of potted plants.

1

I disagree with the Attorney General that Senate Bill 567 is inapplicable because the trial court had no discretion to impose a sentence other than the stipulated sentence. Judges are required, "in their sound discretion," to impose a sentence not to exceed the middle term unless the sentence complies with Penal Code section 1170, subdivision (b)(2). (Cal. Rules of Court,[1] rule 4.420.) And when imposing a prison sentence, a trial judge must review the probation department's presentence investigation report and consider circumstances in aggravation. (Rules 4.411.5, 4.421.) That report must include an "evaluation of factors relating to disposition" and "reasoned discussion of aggravating and mitigating factors affecting the sentence length." (Rule 4.411.5(a)(9)(B).) A stipulated sentence is not a factor in aggravation. I would vacate Weldon's sentence and remand for resentencing consistent with the current version of Penal Code section 1170, subdivision (b).

NOT TO BE PUBLISHED.

BALTODANO, J.

---

[1] Further unspecified references to rules are to the California Rules of Court.

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Christina J. Alvarez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews, J. Michael Lehmann and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.