Filed 12/5/25  P. v. Ruiz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>EMILIO RUIZ,<br><br>　　　Defendant and Appellant. | B341076, B342337<br><br>(Los Angeles County<br>Super. Ct. No. BA498768) |

APPEAL from orders of the Superior Court of Los Angeles County, Yvette Verastegui, Judge.  Reversed and remanded with directions.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General for Plaintiff and Respondent.

─────────────

In this consolidated decision, Appellant Emilio Ruiz appeals the superior court's orders denying his petitions for resentencing under Penal Code section 1170.91[1] based on mental health and substance-related conditions arising from military service. On appeal, Ruiz argues that the superior court erred by not granting him a public hearing to determine whether he meets the statutory criteria for relief, and whether he merits resentencing in the interest of justice. Because the court did not follow the required procedure for adjudicating the petitions, we reverse and remand for further proceedings.

## BACKGROUND

### I.      Original plea and sentence

On September 10, 2021, the District Attorney filed a complaint charging Ruiz with one count of murder (§ 187, subd. (a); count 1) and two counts of driving under the influence of an alcoholic beverage causing injury (Veh. Code, § 23153, subd. (a); counts 2 & 3).[2] The complaint alleged Ruiz personally inflicted great bodily injury (§ 12022.7, subd. (a)) as to counts 2 and 3. Additionally, the complaint alleged probation ineligibility based on four prior felony convictions (§ 1203, subd. (e)(4)).

On December 8, 2023, Ruiz waived his right to a preliminary hearing and entered into a negotiated plea agreement with the District Attorney. Ruiz pleaded no contest to

---

[1]      All further undesignated statutory references are to the Penal Code.

[2]      We do not provide the factual background because the facts underlying the offenses in this case are not relevant to the issue raised on appeal.

2

manslaughter (§ 192, subd. (a); added count 4) and two counts of driving under the influence of an alcoholic beverage causing injury to two different victims (Veh. Code, § 23153, subd. (a); count 2 & added count 5). Ruiz admitted to the personal infliction of great bodily injury enhancement (§ 12022.7, subd. (a)) as to count 2 and one added aggravating circumstance that he was "on probation, mandatory supervision, postrelease community supervision, or parole when the crime was committed." (Cal. Rules of Court, rule 4.421(b)(4)).

In accordance with the plea agreement, the court sentenced Ruiz to 11 years in state prison.

## II.    First petition for resentencing

On August 12, 2024, Ruiz filed a petition for resentencing under section 1170.91. In the petition, Ruiz alleged that he is serving or served in the military, and that he is suffering from traumatic brain injury, post-traumatic stress disorder, substance abuse, and mental health problems. Ruiz further alleged that he believed the judge did not consider his service-connected trauma, injury, or condition as a factor in deciding his sentence. Ruiz did not submit any evidence to support his petition.

On August 28, 2024, the superior court denied the petition in chambers without holding a hearing in the presence of Ruiz and the prosecutor. In a written order, the court, citing *People v. Hester* (2000) 22 Cal.4th 290, 295 (*Hester*), stated Ruiz "ha[d] received the benefit of his bargain and may not thereafter trifle with the courts by attempting [to] better his or her bargain." On September 30, 2024, Ruiz appealed from the August 28, 2024 order.

## III. Second petition for resentencing

On September 30, 2024, Ruiz filed a second petition for resentencing under section 1170.91 that included evidence pertaining to his military service and his service-related post-traumatic stress disorder, traumatic brain injury, and other health issues.

On October 15, 2024, the superior court denied the petition without holding a hearing in the presence of Ruiz and the prosecutor. The court, again citing *Hester*, *supra*, 22 Cal.4th at p. 295, reasoned that Ruiz "ha[d] received the benefit of his bargain and may not thereafter trifle with the courts by attempting [to] better his or her bargain."

On November 19, 2024, Ruiz appealed from the court's October 15, 2024 order.

## DISCUSSION

Ruiz argues that the superior court erred by denying his petition for resentencing without holding a properly noticed public hearing as required by section 1170.91, subdivision (b)(3). We agree.

## I. Standard of review

We interpret the requirements of section 1170.91 de novo. (*People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 237 (*Bonilla-Bray*).)

## II. Resentencing under section 1170.91

If a "court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health

4

problems as a result of the defendant's military service," it must "consider the circumstance as a factor in mitigation when imposing a sentence." (§ 1170.91, subd. (a);[3] see also *People v. Sherman* (2023) 91 Cal.App.5th 325, 329.)

Section 1170.91, subdivision (b)(1) provides a procedural mechanism for a defendant "currently serving a sentence for a felony conviction, whether by trial or plea," to petition for resentencing "if the circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing."

Upon receiving a section 1170.91 petition for resentencing, the trial court "*shall* determine, at a public hearing held after not less than 15 days' notice to the prosecution, the defense, and any victim," whether the defendant satisfies the statutory criteria for relief. (§ 1170.91, subd. (b)(3), italics added.) "At that hearing, the prosecution shall have an opportunity to be heard on the [defendant]'s eligibility and suitability for resentencing." (*Ibid.*)

If the trial court finds that the defendant satisfies the criteria for relief, it "may, in the interest of justice, and regardless of whether the original sentence was imposed after a trial or plea . . . [¶] [r]educe the [sentence or] [¶] [v]acate the conviction and impose judgment on any necessarily included

---

[3] Section 1170.91 "does not apply to a person convicted of, or having one or more prior convictions for, an offense specified in [section 667, subdivision (e)(2)(C)(iv)] or an offense requiring registration pursuant to [section 290, subdivision (c)]." (§ 1170.91, subd. (c).) These exclusions are not relevant to this appeal.

5

lesser offense or lesser related offense, whether or not that offense was charged in the original pleading, and then resentence the defendant to a reduced term of imprisonment with the concurrence of both the defendant and the [prosecutor]." (§ 1170.91, subd. (b)(3)(A)–(B).)

## III.  Analysis

Ruiz initially filed a form petition for resentencing under section 1170.91, subdivision (b)(1), alleging, without any evidence, that he served in the military, that he suffers from service-connected post-traumatic stress disorder and mental health issues, and that the trial court did not consider these circumstances as mitigating factors at the time of sentencing.

Notably, the statute is silent on what evidence, if any, is required for a facially sufficient petition.  The statute also does not contain a clear procedural mechanism for summarily denying a petition without a hearing in the event a trial court finds the petition to be facially insufficient, either for failure to demonstrate that the defendant suffers from a qualifying condition resulting from his military service, or failure to show that the trial court did not consider this circumstance as a mitigating factor for sentencing.

In any event, here, the superior court did not find the petition to be facially insufficient, such that a hearing was not warranted.  Rather, the court erroneously believed Ruiz was ineligible for relief because he had entered into a plea agreement and had already received the "benefit of his bargain."

In 2022, the Legislature amended section 1170.91, subdivision (b)(3) to provide relief in the interest of justice, "regardless of whether the original sentence was imposed after trial or plea."  (Stats. 2022, ch. 721, § 1, eff. Jan. 1, 2023.)

According to *People v. Harrell* (2023) 95 Cal.App.5th 161, 168 (*Harrell*), in amending section 1170.91, subdivision (b)(3), "the Legislature clearly intended to make persons serving a stipulated sentence eligible for relief."

"[T]he general rule in California is that [a] plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy." ' [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Doe v. Harris* (2013) 57 Cal.4th 64, 66.)

Upon accepting the terms of a negotiated plea agreement, the court " ' "lacks jurisdiction to alter the terms . . . unless, of course, the parties agree." [Citation.]' [Citations.]" (*Harrell*, *supra*, 95 Cal.App.5th at p. 168.) But "the terms of the plea bargain include future changes in the law." (*Ibid.*) *Harrell* concluded that a court does not alter the terms by implementing these future changes in the law. (*Ibid.*)

Here, the superior court erred by summarily denying Ruiz's petition in chambers without notice to him, the prosecutor, or the victims. The court failed to hold "a public hearing" where it could determine whether Ruiz "satisfie[d] the statutory requirements for relief" and, if so, whether resentencing was warranted "in the interest of justice." (§ 1170.91, subd. (b)(3)(A)–(B); *Bonilla-Bray*, *supra*, 49 Cal.App.5th at p. 239 [holding that the trial court erred in summarily denying petition under § 1170.91 without a public hearing].)

The Attorney General argues that a hearing was not necessary in this case because the court did "consider[] the fact of

appellant's military service at the original sentencing hearing" in 2023, and also was aware that Ruiz "had a substance abuse problem."[4]  To support this argument, the Attorney General points to Ruiz's waiver of the court's formal advisement of "armed forces and veteran's rights" when arraigned on the amended complaint prior to his plea, defense counsel's comment when filing materials for Ruiz's future parole consideration, and a box checked in the probation officer's report indicating Ruiz suffered from a "significant substance abuse problem."  We reject the Attorney General's argument.

First, the original sentencing court specified that Ruiz's waiver of an advisement of "armed forces and veteran's rights" was "for purposes of re-arraignment only."[5]  Similarly, after

_____

[4]     Alternatively, the Attorney General argues that Ruiz forfeited his claim on appeal by failing to object at the sentencing hearing.  The Attorney General is correct that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal."  (*People v. Scott* (1994) 9 Cal.4th 331, 356.)  But Ruiz is not challenging the manner in which the trial court exercised its sentencing discretion; rather, he is claiming that the trial court failed to fulfill its statutory sentencing obligation.  Where the challenge is not to the trial court's exercise of discretion, but to the court's failure to comply with a statutory obligation, forfeiture is not warranted.  (*People v. Panozo* (2021) 59 Cal.App.5th 825, 840.)

[5]     After the complaint was amended to add the charges included as terms of the plea of agreement, the trial court asked defense counsel, "With that, [defense counsel], *for purposes of re-arraignment only*, waive reading of the amended complaint, advisement of rights, *including armed forces and veteran's rights*, entering a plea of not guilty, denying any and all special

8

sentencing, the court received documents pertaining to Ruiz's military service for future parole purposes.[6]  Both references to military service were not raised for consideration at sentencing, as required under the statute.  Section 1170.91 requires a trial court to consider a defendant's qualifying condition as a result of his or her military service as a factor in mitigation "*when imposing a sentence*."  (§ 1170.91, subd. (a), italics added.) Nothing in the record indicates that the sentencing court was aware that Ruiz suffered service-related mental health

---

allegations and enhancements?"  (Italics added.)  Defense counsel responded affirmatively.

[6]     After the conclusion of the sentencing hearing, defense counsel notified the court:

> "Your Honor, I prepared a defense mitigation report.  One of the reasons I prepared it is, Mr. Ruiz is a decorated combat veteran.  He has a great many medical issues, and he was informed by a doctor this week that it appears count[y] jail may have lost his medical records; so I'm going to file – and I've talked to [the prosecutor].  He has no objection.  I'll file defense mitigation brief with medical records and other supporting documents."

The trial court judge asked whether the mitigation report was being filed "for future purposes when Mr. Ruiz is up for parole." Defense counsel responded, "Correct."  The trial court clarified, "[s]o the only thing for the court to do today would be to accept it for filing, make it part of the criminal record.  But there's nothing further for this court to do." Defense counsel responded affirmatively.

conditions, as he now claims, and considered them as mitigating factors at the time of sentencing.  Moreover, and critically, the superior court did not deny Ruiz's petition on that basis.

Our decision is limited to whether, under the circumstances of this case, Ruiz is entitled to a public hearing under section 1170.91, subdivision (b)(3); we take no position on whether Ruiz satisfied the statutory criteria for relief or whether resentencing is warranted in the interests of justice.

## DISPOSITION

We reverse the superior court's orders summarily denying Ruiz's petition for resentencing under section 1170.91.  We remand the matters for the superior court to conduct a noticed public hearing in accordance with section 1170.91, subdivision (b)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:


EDMON, P. J.


ADAMS, J.

11