Filed 6/4/26  P. v. Edwards CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HAROLD LEE EDWARDS, JR.,<br><br>    Defendant and Appellant. | D086037<br><br><br><br>(Super. Ct. No.  SCD305970) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed and remanded with directions.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Robin Urbanski and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A jury found Harold Lee Edwards, Jr. guilty of selling cocaine base (Health & Saf. Code, § 11352, subd. (a); count 1) and possessing cocaine base

for sale (*id.*, § 11351.5; count 2). The court imposed a three-year prison term on count 1, a concurrent two-year term on court 2, and stayed the sentence pending Edwards successfully completing three years of formal probation.

Edwards contends the trial court erred by instructing the jury that it could consider evidence of other uncharged sales of methamphetamine to show intent, motive, lack of mistake, and common plan. He also asserts his sentence for either count 1 or count 2 should have been stayed under Penal Code[1] section 654. We agree with both parties that the sentence on one of these counts must be stayed. The sentence is vacated and the matter is remanded to the trial court for reconsideration of the base term under the current language of section 654. The judgment is otherwise affirmed.

BACKGROUND

A San Diego police officer conducting surveillance in a high-narcotics area noticed Edwards sitting near a fence with a woman whom the officer recognized from prior law enforcement contacts in the same area. The officer photographed what he described as a typical "hand-to-hand" drug transaction—the woman handed Edwards cash and Edwards gave her a clear plastic bag containing a white substance. After this exchange, a man, later identified as Rigoberto S., sat next to Edwards and spoke with him.

A second man then approached Edwards and Rigoberto, handed Rigoberto some cash, and received a substance from Edwards. The substance appeared to be "crystal," or methamphetamine. The officer opined that Rigoberto was acting as the facilitator in the drug transaction between Edwards and the second man. The officer directed additional officers to contact the three individuals. Officers detained Rigoberto and found $2 in cash on his person. Officers also arrested the woman; she had a pill bottle

---

[1] Undesignated statutory references are to the Penal Code.

2

containing a white powdery substance later determined to be 0.4 grams of cocaine base.

When police arrested Edwards he had $589 in cash in his right front pants pocket—one $100 bill, one $50 bill, and the remainder in $1, $5, $10, and $20 denominations. In his left front pants pocket, Edwards carried a brown plastic bindle containing a clear plastic bag with a white powdery substance, along with another bag containing a crystalline material. These substances were later determined to be 0.83 grams of cocaine base and 9.17 grams of methamphetamine. Edwards also possessed a backpack containing four large bags of marijuana, two cellular phones, marijuana concentrate, and 50 unused clear plastic baggies. Based on the quantity of narcotics, the presence of numerous unused baggies, and the amount and denominations of cash, the officer opined that Edwards possessed the drugs for purposes of sale.

Edwards testified he kept partially smoked cigarettes in a plastic bag in his pockets and he gave the woman and Rigoberto half-smoked cigarette butts after they asked him for cigarettes. The cash he carried represented money he had saved that month from his Social Security check and he intended to use it for Christmas shopping. Although he admitted possessing marijuana, methamphetamine, and cocaine base, he claimed the substances were for personal use rather than for sale.

Over Edwards's objection, the trial court instructed the jury with CALCRIM No. 375 to explain how to consider the evidence that Edwards sold and possessed methamphetamine for sale in determining his guilt as to the cocaine base charges.[2] During closing argument, the prosecutor emphasized

---

[2]      As given, CALCRIM No. 375 provided:

3

that three separate sales had occurred, even though Edwards was not charged with selling or possessing methamphetamine for sale. The prosecutor further reminded the jury that the court had instructed them on the limited purposes for which they could consider this evidence, and any determination as to whether Edwards sold or possessed methamphetamine for sale was governed by a preponderance of the evidence standard.

---

"The People presented evidence that the defendant committed the offense of Health and Safety Code section 11379(a) and section 11378, selling and possessing for sale, methamphetamine that were not charged in this case. [¶] You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged offenses. Proof by a preponderance of the evidence is a different burden of proof than proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that the fact is more likely than not to be true. [¶] If the People have not met this burden, you must disregard this evidence entirely.

"If you decide that the defendant committed the uncharged offenses, you may, but are not required to consider that evidence for the limited purpose of deciding whether: [¶] The defendant acted with the intent to sell cocaine base in this case; [¶] The defendant had a motive to commit the offenses alleged in this case; [¶] The defendant knew he possessed a controlled substance when he allegedly acted in this case; [¶] The defendant's alleged actions were not the result of a mistake of accident; or [¶] The defendant had a plan or scheme to commit the offenses alleged in this case.

"In evaluating this evidence, consider the similarity or lack of similarity between the uncharged offenses and the charged offenses. [¶] Do not consider this evidence for any other purpose except for the limited purpose of determining the defendant's credibility. [¶] Do not conclude from this evidence that the defendant has a bad character or is disposed to commit crime. [¶] If you conclude that the defendant committed the uncharged offenses, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of Counts One and Two. The People must still prove each charge beyond a reasonable doubt."

DISCUSSION

I.

*No Error in Instructing With CALCRIM No. 375*

Except as provided, evidence of a person's character or a trait of his or her character—whether in the form of opinion, reputation, or specific instances of conduct—is inadmissible to prove conduct on a specified occasion. (Evid. Code, § 1101.) An exception permits admission of a defendant's uncharged conduct, not to show propensity, but to prove another material fact, such as motive, intent, or identity. (*People v. Rocha* (2013) 221 Cal.App.4th 1385, 1393; Evid. Code, § 1101, subd. (b).) When such evidence is admitted, the jury may consider it only if it finds, by a preponderance of the evidence, that the defendant committed the uncharged acts. (*Alcala v. Superior Court* (2008) 43 Cal.4th 1205, 1224, fn. 14.)

We review instructional error claims de novo. (*People v. Mitchell* (2019) 7 Cal.5th 561, 579.) This entails independently assessing whether the instruction correctly states the law and, considering the instructions as a whole and the entire record, determining whether there is a "reasonable likelihood" the jury misapplied it. (*Ibid.*)

Edwards contends the trial court erred when it gave CALCRIM No. 375, a standard instruction on other crimes evidence because, in his view, no uncharged acts were admitted; he asserts the methamphetamine conduct was inextricably intertwined with the charged cocaine base offenses. He further asserts that the instruction permitted the jury to convict on counts 1 and 2 under a preponderance standard. To make this argument, Edwards relies on *People v. Nicolas* (2017) 8 Cal.App.5th 1165 (*Nicolas*). His reliance on *Nicolas* is misplaced.

5

In *Nicolas*, the defendant was charged with vehicular manslaughter, which required proof of gross negligence. (*Nicolas, supra*, 8 Cal.App.5th at pp. 1172, 1175.) The prosecution introduced evidence that the defendant had been texting and making phone calls immediately before rear-ending the victim's car. (*Id.* at p. 1172.) Over the defense's objection, the court gave a modified version of CALCRIM No. 375, instructing that these acts could be proven by a preponderance but not used to show bad character. (*Nicolas,* at pp. 1177–1178.) The Attorney General conceded on appeal that the phone-use evidence was not uncharged conduct under Evidence Code section 1101, subdivision (b), but " 'an indivisible part of the offense itself' " because it directly caused the collision. (*Nicolas,* at p. 1178.) The Court of Appeal agreed and held the instruction was erroneous because no true uncharged acts had been admitted. (*Ibid.*) The erroneous instruction constituted structural error—by applying a preponderance standard to the same evidence used to establish gross negligence—the instruction impermissibly lowered the prosecution's burden of proof, creating conflicting standards governing identical evidence. (*Id.* at pp. 1181–1182.)

This case is materially different. The evidence that Edwards sold and possessed methamphetamine for sale was properly admitted as uncharged conduct to prove motive and intent. It was not "indivisible" from the charged offenses. Edwards sold cocaine base to one individual and, in a separate transaction, sold methamphetamine to a different individual. Unlike *Nicolas,* the uncharged conduct did not constitute the same evidence used to prove the charged offenses. The trial court therefore did not err in giving the jury instruction.

## II.

*The Court Erred Under Section 654 By Not Staying*
*the Sentence on Either Count 1 or 2*

Section 654 prohibits multiple punishment for the same act or indivisible course of conduct. (*People v. Hester* (2000) 22 Cal.4th 290, 294.) Before 2022, when a single act or omission was punishable under multiple provisions, the court was required to impose sentence under the provision carrying the longest potential term. (Former § 654, subd. (a).) Effective January 1, 2022, Assembly Bill No. 518 amended section 654 to afford trial courts discretion to impose punishment under either applicable provision. (§ 654, subd. (a).)

The parties agree that Edwards's multiple punishments violate section 654 because his possession of cocaine base for sale and the sale of cocaine base arose from an indivisible course of conduct with a single objective. Under the amended statute, the trial court has discretion to impose the sentence on either count 1 or count 2, including the option of selecting the shorter term. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.) Accordingly, the sentence must be vacated and the matter remanded to permit the trial court to exercise its informed sentencing discretion.

## DISPOSITION

Edwards's sentence is vacated and the cause is remanded for resentencing consistent with this opinion.  The judgment is otherwise affirmed.

DO, J.

WE CONCUR:

DATO, Acting P. J.

KELETY, J.