Filed 5/23/25  P. v. Young CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR LEWIS YOUNG, JR.,<br><br>　　Defendant and Appellant. | A170232<br><br>(Alameda County<br>Super. Ct. No. H44259A) |

Defendant Arthur Lewis Young, Jr. agreed to plead no contest in a negotiated disposition with a specified 35-year sentence consisting of two upper term sentences and a prison prior enhancement.  After the Legislature retroactively invalidated prison prior enhancements and conferred resentencing authority under Penal Code section 1172.75,[1] the People petitioned the trial court to recall Young's sentence and to resentence him.  The court granted the requested relief but determined it lacked discretion to reduce the upper term sentence imposed as a specific part of Young's plea agreement.  We reverse.

---

[1] Further undesignated statutory references are to the Penal Code.

# BACKGROUND

## I.    The Original Sentencing Pursuant to Plea Agreement

In 2011, Young entered a no contest plea to crimes of voluntary manslaughter (§ 192), possession of a firearm as a felon (former § 12021), possession for sale of cocaine base (Health & Saf. Code, § 11351.5), and unlawful possession of a controlled substance while in possession of a firearm (Health & Saf. Code, § 11370.1, subd. (a)).  He also entered a no contest plea to factual allegations that he personally used a firearm in the commission of the voluntary manslaughter and that the offense was connected to his participation in a criminal street gang.  (§§ 12022.5, subd. (a), 186.22, subd. (b)).  Young admitted one previous conviction for which he served a prison term.  (Former § 667.5, subd. (b).)  The trial court found a factual basis for each offense, and accepted Young's no contest pleas to the charges.  It also found the sentence enhancement allegations were true.

In accordance with the terms specified in his plea agreement, the trial court sentenced Young to 35 years in prison.  The agreed upon sentence consisted of the upper term of 11 years for voluntary manslaughter, the upper term of 10 years for a firearm use enhancement, 10 years for a gang enhancement, eight months for possession of a firearm as a felon, and one year for the prior prison term, as well as two years and four months consecutive terms for the Health and Safety Code violations.

## II.    Relevant Legal Developments

When Young was originally sentenced in 2011, in the absence of an agreed upon disposition, trial courts had discretion to select any term within a sentencing triad when imposing a determinate sentence.  (Former § 1170, subd. (b), Stats. 2011, ch. 361, § 6.)  But when a plea agreement, like Young's,

2

provided for a specific term the court's discretion was circumscribed to either accepting or rejecting the deal.  (§ 1192.5, subd. (b).)

The Legislature has since enacted several ameliorative changes to criminal sentencing.  Three laws affecting our consideration of Young's sentence took effect on January 1, 2022.

**Senate Bill No. 567.**  Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) amended section 1170, subdivision (b) to limit trial courts' discretion to impose upper term sentences.  (Stats. 2021, ch. 731, § 1.3.) Specifically, a "court may impose a sentence exceeding the middle term *only when* there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term *and* the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2), italics added.)

**Senate Bill No. 483.**  In 2019, the Legislature had amended section 667.5, subdivision (b), effective January 1, 2020, to eliminate sentence enhancements for prison priors unless the prior term was for a sexually violent offense.  (*People v. Coddington* (2023) 96 Cal.App.5th 562, 567 (*Coddington*); see Stats. 2019, ch. 590, § 1.)  Two years later, in Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), the Legislature made the relief provided by the 2019 amendment to section 667.5 retroactive by declaring that prior prison term enhancements imposed before 2020 (again, other than for a sexually violent offense) were "legally invalid."  (Stats. 2021, ch. 728, § 3; see former § 1171.1, renumbered § 1172.75 by Stats. 2022, ch. 58, § 12.)

Section 1172.75 requires the trial court to verify whether a judgment includes an invalid prior prison term enhancement and, if so, to "recall the

3

sentence and resentence the defendant." (§ 1172.75, subd. (c).) During resentencing, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) It also provides that "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(4).)

**Assembly Bill No. 1540.** In Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Assembly Bill 1540), the Legislature amended and relocated the recall and resentencing provisions of section 1170, subdivision (d) to newly created section 1170.03 (Stats. 2021, ch. 719, §§ 1–7), which has since been renumbered to section 1172.1, without substantive change. (Stats. 2022, ch. 58, § 9.)

Under section 1172.1, prosecutors may petition the court to recall a sentence and resentence the defendant "if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) Echoing the language of section 1172.75, section 1172.1 mandates that the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (a)(2).) Moreover, "[t]he resentencing court may, in the interest of justice and regardless of whether the original sentence was imposed after a trial or plea

4

agreement . . . [¶] [r]educe a defendant's term of imprisonment by modifying the sentence" or "[v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense . . . ." (*Id.*, subd. (a)(3).)[2]

## III. Young's Resentencing Pursuant to Sections 1172.75 and 1172.1

In 2024, the People petitioned to recall Young's sentence. Though they petitioned to recall his sentence under section 1172.75, the People cited section 1172.1 as legal grounds to avoid resentencing if Young accepted a new stipulated sentence. The People "offer[ed] a new sentence of 24 years (striking the gang enhancement . . . and striking the [one]-year prison prior)." Moreover, the People stated they would "not object" if the court exercised its discretion to grant Young additional relief by striking the firearm enhancement, suggesting "3, 4, or 10 years." The People acknowledged that Young "established a positive record of rehabilitation in satisfaction of the considerations for recall and resentencing contemplated under Penal Code section 1172.1."

Young agreed his sentence should be recalled under sections 1172.75 and 1172.1, but he contended he was entitled "to a full resentencing hearing where all new ameliorative laws apply." In particular, Young said the court should apply Senate Bill 567, which he argued invalidated the upper term sentence for voluntary manslaughter which was part of his stipulated plea

---

[2] Effective January 1, 2024, the court may recall a defendant's sentence on its own motion. (Stats. 2023, ch. 446, § 2; § 1172.1, subd. (a)(1).) If it does so, and "if the conviction was a result of a plea bargain," then "the court shall not impose a judgment on any necessarily included lesser offense or lesser related offense . . . without the concurrence of both the defendant and the district attorney . . . or the Attorney General . . . ." (§ 1172.1, subd. (a)(4).) The amendment also moved some language to newly created subdivision (a)(5) and modified the language to provide the court "shall" — as opposed to "may" — consider postconviction factors during resentencing. (Stats. 2023, ch. 446, § 2.)

bargain. Instead of full resentencing, Young offered to "waive any challenge to the high-term for voluntary manslaughter" in exchange for a 19-year sentence. His proposed sentence would require the court to strike the 10-year gang enhancement and the one-year prison prior, and reduce the 10-year firearm enhancement to four years. The balance of his original sentence would remain in effect.

At the resentencing hearing, the trial court agreed that under Senate Bill 483 the one-year prison prior was invalid and needed to be stricken. But it further stated that the recall of Young's sentence "open[ed] up the whole sentence to a full resentencing hearing." The court acknowledged that there is a split in authority regarding whether its new sentence for the voluntary manslaughter conviction could depart from the upper term that had been imposed in accord with Young's plea agreement. Although the cited authorities did not pertain to resentencing under sections 1172.1 or 1172.75, the court held it could not depart from the agreed upon upper term. The court also ruled that the firearm use enhancement still warranted the 10-year upper term. It otherwise agreed to strike the gang enhancement, and it imposed concurrent terms on Young's other offenses, resulting in a new aggregate sentence of 21 years.

Young appealed.

## DISCUSSION

Young argues that "[t]he trial court abused its discretion in imposing the upper triad terms on the voluntary manslaughter and the gun enhancement because it failed to exercise its judicial discretion conferred by sections 1172.75, subdivision (d), 1172.1, subdivision (a), and 1170, subdivision (b)." The People concede that Young was entitled to full resentencing under sections 1172.75 and 1172.1 so the court could apply

6

ameliorative sentencing laws. Nonetheless, the People argue that section 1170, subdivision (b), as amended by Senate Bill 567 to limit a sentencing court's discretion to impose an upper term sentence, is "inapplicable" here because the trial court "cannot exercise triad discretion when sentencing a defendant pursuant to a plea agreement that calls for a stipulated term of imprisonment pursuant to section 1192.5." Young has the better argument.

## I. Standard of Review

We independently review issues of statutory construction. (*People v. Carter* (2023) 97 Cal.App.5th 960, 967 (*Carter*).) "Our fundamental task in interpreting a statute is to ascertain the Legislature's intent so as to effectuate its purpose." (*Ibid.*) If the statutory text is unambiguous in view of the broader statutory framework, then it controls. (*Ibid.*) " 'We examine that language, not in isolation, but in the context of the statutory framework as a whole to discern its scope and purpose and to harmonize the various parts of the enactment.' " (*People v. Prudholme* (2023) 14 Cal.5th 961, 975.)

## II. Estoppel and Forfeiture

We can readily dispatch the People's arguments regarding estoppel and forfeiture. First, the People contend Young's agreement to a specific term as part of his plea bargain estops him from asserting error under section 1170, subdivision (b). Not so.

The People rely on *People v. Hester* (2000) 22 Cal.4th 290 (*Hester*). There, the defendant agreed to a specified sentence that facially violated section 654 because he received concurrent terms for a burglary charge and an assault charge which were committed pursuant to a single intent and objective. (*Id.* at pp. 293–294.) The Supreme Court held the defendant could not challenge this unauthorized sentence. (*Id.* at p. 295.) It explained: "Where the defendants have pleaded guilty in return for a *specified* sentence,

7

appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction." (*Ibid.*) In short, "defendants are estopped from complaining of sentences to which they agreed." (*Ibid.*)

*Hester* has no bearing here. Young does not challenge the validity of his agreed upon sentence. Instead, he is seeking retroactive application of a later enacted ameliorative sentencing law. (Cf. *People v. Stamps* (2020) 9 Cal.5th 685, 696 (*Stamps*) [holding that a certificate of probable cause was not required because defendant was not challenging the validity of the plea but was instead seeking application of a subsequently enacted sentencing provision].) Thus, Young is not estopped from challenging his sentence.

The People's contention that Young "forfeited any argument that the superior court had discretion under section 1172.1 to deviate from the upper term" fares no better.[3] (Boldface omitted.) Young counters that the issue was preserved for review by "counsel's more general contentions that the trial court had authority to depart from the original stipulated plea agreement, and strike the gun enhancement." Alternatively, Young asks that, if we conclude the issue is forfeited, we should also conclude that trial counsel rendered ineffective assistance of counsel.

In his brief to the resentencing court, Young did not argue that section 1172.1 granted the court authority to deviate from the plea agreement. The only reference in his briefing to Assembly Bill 1540 or section 1172.1 merely noted the Legislature's uncodified finding "that lengthy sentences do not

---

[3] The People do not dispute that Young preserved the ability to seek resentencing relief under section 1172.75. Indeed, in his brief to the trial court, Young expressly argued that "[s]ection 1172.75 requires recalling Mr. Young, Jr.'s sentence in its entirety and to hold a full resentencing hearing where all new laws are applied." (Boldface omitted.)

promote public safety." And at the resentencing hearing, Young's counsel made only an oblique reference to the trial court's resentencing authority under section 1172.1 "in the interest of justice." Nonetheless, it was the People, not Young, who petitioned for resentencing under sections 1172.75 *and* 1172.1.

Given the circumstances, we decline to find forfeiture. (See *Coddington, supra,* 96 Cal.App.5th at pp. 567–568 [declining to find forfeiture of resentencing claim under section 1172.75 where defendant's trial counsel sought to remove only prison-prior enhancement]; *People v. Monroe* (2022) 85 Cal.App.5th 393, 400 (*Monroe*) [appellate court has authority to consider issue not preserved for review].) Accordingly, there is no reason for us to address Young's ineffective assistance claim.

## III. Resentencing Provisions Under Sections 1172.1 and 1172.75 Apply to Specified Sentences Pursuant to a Plea Bargain

The question before us is whether the trial court abused its discretion in Young's resentencing pursuant to sections 1172.1 and 1172.75, when it refused to consider whether Senate Bill 567's limitations on imposing an upper term should apply in his case. We conclude it did.

Where a defendant sentenced before 2020 is "currently serving a term for a judgment that includes" a prior prison term enhancement (§ 1172.75, subds. (a), (b)), Senate Bill 483 directs the trial court to "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Assembly Bill 1540 likewise calls for the court, upon the request of the district attorney, to "recall the sentence . . . and resentence the defendant in the same manner as if they had not previously been sentenced." (§ 1172.1, subd. (a)(1).) At resentencing, each statute directs the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide

9

for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§§ 1172.75, subd. (d)(2), 1172.1, subd. (a)(2).)

Senate Bill 567 is intended to do just that. It ameliorates sentencing and seeks to promote uniformity by limiting trial courts' ability to impose upper term sentences absent a stipulation by the defendant or a finding of aggravating circumstances at trial. (§ 1170, subd (b).)

Young did not need to be independently eligible for relief under Senate Bill 567 to possibly receive its benefit. (*Monroe*, *supra*, 85 Cal.App.5th at p. 401.) *Monroe* is instructive. There, the trial court struck the defendant's one-year prison prior under Senate Bill 483 but did not strike a firearm enhancement under Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620) (Stats. 2017, ch. 682, §§ 1, 2,) nor did it consider striking a five-year serious felony conviction under Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393) (Stats. 2018, ch. 1013, §§ 1–2). (*Monroe*, at pp. 398–399.) Although neither Senate Bill 620 nor Senate Bill 1393 apply to final judgments by their own terms, defendant appealed. (*Monroe,* at pp. 398, 400–401.) On appeal, the Attorney General conceded that the trial court could reconsider the firearm enhancement under Senate Bill 620 because it expressly applies " 'to any resentencing that may occur pursuant to any other law.' " (*Monroe*, at p. 401.) But the Attorney General argued that Senate Bill 1393 did not apply to a final judgment because it lacked a similar directive. (*Monroe*, at pp. 400–401.) Division Two of this court rejected this argument. Even though the defendant "was not independently eligible for the benefits of Senate Bill No. 1393 because his conviction was already final," *Monroe* holds that relief under Senate Bill 1393 is nonetheless available during a resentencing under section 1172.75 because section 1172.75,

10

subdivision (d)(2) requires the trial court to apply " 'any other changes in law that reduce sentences.' " (*Monroe*, at pp. 401–402.)

Section 1172.75, subdivision (d)(2) has the same effect here. Despite the focus on Senate Bill 567 during the resentencing hearing and in the People's briefing, we do *not* need to decide whether Senate Bill 567 entitled Young to a remand. Young was brought back for resentencing under section 1172.75, and section 1172.75, subdivision (d)(2) gives him the benefit of "any other changes in law that reduce sentences." For this reason, we need not address the question currently pending before Supreme Court, over whether a defendant who received an upper term sentence under a plea agreement for a stipulated sentence is entitled to a remand under Senate Bill 567. (Compare *People v. Todd* (2023) 88 Cal.App.5th 373, 376, review granted Apr. 26, 2023, S279154 [defendant entitled to remand "for resentencing in light of recent amendments to section 1170, subdivision (b) by Senate Bill No. 567"]; *People v. Fox* (2023) 90 Cal.App.5th 826, 830 ["Fox is independently entitled to a remand for resentencing under Senate Bill No. 567"]; and *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1056, review granted Feb. 21, 2024, S283452 [same] with *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057–1059, review granted Dec. 14, 2022, S277314 [defendant not entitled to remand where challenge to her sentence was based on Senate Bill No. 567]; *People v. Sallee* (2023) 88 Cal.App.5th 330, 334, review granted Apr. 26, 2023, S278690 [same].)

But our inquiry does not end just because Young was properly before the court on resentencing for all purposes. We still must consider whether the resentencing provisions of Senate Bill 483 and Assembly Bill 1540 apply to all sentences, including sentences agreed upon as part of a plea. We conclude they do.

11

Not every retroactive resentencing law applies to convictions imposed pursuant to a stipulated sentence. (See *People v. Brooks* (2020) 58 Cal.App.5th 1099, 1107 (*Brooks*) ["Nothing in the statute suggests an intent to overturn, sub silentio, long-standing plea-bargaining law binding courts to the agreements they approve"], superseded by statute as stated in *People v. Harrell* (2023) 95 Cal.App.5th 161, 166.) Whether a law does so turns on legislative intent. (*People v. Prudholme, supra,* 14 Cal.5th at p. 975.) It is well established that "the Legislature, for the public good and in furtherance of public policy, and subject to the limitations imposed by the federal and state Constitutions, has the authority to modify or invalidate the terms of an agreement." (*Doe v. Harris* (2013) 57 Cal.4th 64, 70; § 1016.8 ["That the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them"].)

Assembly Bill 1540 unambiguously reflects legislative permission for resentencing courts to unilaterally modify a plea agreement. Under section 1172.1 the resentencing court may "Reduce a defendant's term of imprisonment by modifying the sentence" "regardless of whether the original sentence was imposed after a trial or plea agreement." (§ 1172.1, subd. (a)(3)(A).) This sufficiently demonstrates legislative intent to allow resentencing courts to modify an agreed-upon term originally imposed as part of a plea. (Cf. *Brooks, supra,* 58 Cal.App.5th at pp. 1107–1108 [where statutory language unambiguously "contemplates the change will apply to all convictions, final or nonfinal, whether suffered by trial or plea, resentencing eligibility will follow"].)

Senate Bill 483, on the other hand, does *not* contain any language that addresses whether its resentencing procedure applies to defendants whose

12

sentence was imposed as part of a plea agreement.  Thus, "the application of section 1172.75 to plea bargain cases creates a statutory ambiguity when considered in conjunction with section 1192.5." (*Carter*, *supra*, 97 Cal.App.5th at p. 971.)  Nonetheless, every court that has reviewed the issue has concluded that "a defendant eligible for removal of a prison prior under section 1172.75 must be provided an opportunity for full resentencing to argue for further relief under any other ameliorative changes in law that reduce sentences, regardless of whether their sentence resulted from a plea agreement." (*Id.* at p. 972; *Coddington*, *supra*, 96 Cal.App.5th at p. 568; *People v. Hernandez* (2024) 103 Cal.App.5th 981, 990 (*Hernandez*).)  Based on the broader statutory framework, we agree.

The People tacitly conceded in their petition to recall Young's sentence that, even though the prison prior enhancement was imposed in accord with his plea, it is legally invalid and must be struck under section 1172.75, subdivision (a).  Yet the People fail to offer any reason why the resentencing guidelines under subdivisions (c) and (d) are limited to convictions following a trial, and not a plea.  (Accord *Carter*, *supra*, 97 Cal.App.5th at p. 975, fn. 5; *Hernandez*, *supra*, 103 Cal.App.5th at pp. 992–993.)

As we have previously explained, a retroactive resentencing law which "eliminat[es] the legal basis for the conviction" suggests legislative intent that it applies to resentencing in cases where convictions resulted from plea agreements.  (See *Brooks*, *supra*, 58 Cal.App.5th at p. 1107.)  Section 1172.75 operates this way.  It *requires* recall and resentencing "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c); see *Hernandez*, *supra*, 103 Cal.App.5th at p. 990 ["By its plain terms, section 1172.75 requires a trial court to do

13

more than merely strike the newly 'invalid' enhancements"]; *Monroe*, *supra*, 85 Cal.App.5th at p. 402 [same].)

The People's reliance on our reasoning in *Brooks* is misplaced. *Brooks* involved an attempt to recall a sentence under section 1170.91, which requires consideration of trauma resulting from military service as a mitigating factor for a court considering a determinate sentencing triad. (*Brooks*, *supra*, 58 Cal.App.5th at p. 1104.) There we held that the Legislature's mere addition of a discretionary factor for consideration in sentencing did not suggest an intent to vest the trial court with discretion to reconsider a sentence in a way that would modify a plea bargain. (*Id.* at p. 1107.) But we distinguished the situation in *Brooks* from "scenarios in which resentencing courts were asked to reject stipulated plea agreements categorically under retroactively conferred resentencing authority." (*Brooks*, at p. 1107.)

Sections 1172.1 and 1172.75 entitled Young to seek relief under "any" ameliorative changes in the law despite his stipulated sentence. Accordingly, the trial court abused its discretion by refusing to consider whether the upper term imposed for voluntary manslaughter pursuant to Young's plea could be imposed under section 1170, subdivision (b) as amended by Senate Bill 567. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

## IV. The Appropriate Remedy Is Remand for a Full Resentencing

The record does not disclose whether or how the court would have ruled if it had not been persuaded by inapposite case law that it lacked discretion to address the upper term sentence imposed pursuant to Young's plea bargain. Remand for resentencing is therefore the appropriate remedy. (See *People v. Gamble* (2008) 164 Cal.App.4th 891, 901.) We are unpersuaded that remand will be an idle act merely because the court already substantially

14

reduced Young's sentence, or because Young's probation report reflected unmitigated circumstances in aggravation.

Young argues that any remand should be "limited" for the trial court to consider exercising its discretion under section 1170, subdivision (b). The People contend that, should we determine there was error, we should remand for a full resentencing. Here, the People are on stronger ground.

Sections 1172.1 and 1172.75 each state the resentencing court "shall" apply "any" ameliorative changes in the law. (§§ 1172.1, subd. (a)(2), 1172.75, subd. (d)(2).) One of the few limits on resentencing is that it may not result in a longer sentence. (§ 1172.1, subd. (a)(1) ["resentence the defendant in the same manner as if they had not previously been sentenced . . . provided the new sentence, if any, is no greater than the initial sentence"]; § 1172.75, subd. (d)(1) ["Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed"].)[4] Thus, a full resentencing is proper.

Finally, Young asserts that should this case be remanded for further resentencing, "[t]he prosecution is not permitted to renegotiate the plea agreement in the event that the trial court exercises its discretion to impose a lower term on count one and/or the gun enhancement." But he concedes the issue may not be ripe. The People agree the issue is not ripe, and they

---

[4] Section 1172.1, subdivision (a)(4), which limits the court's ability to impose an alternative remedy "[i]f the court has recalled the sentence on its own motion" and "if the conviction was a result of a plea bargain," is inapplicable in the instant case.

15

correctly observe that resentencing will be governed by newly enacted section 1171, effective January 1, 2025. (Assem. Bill No. 2483 (2023–2024 Reg. Sess.) § 2.) Section 1171 provides direction to courts considering resentencing under the recent ameliorative statutes affecting sentencing. We agree the issue is not properly before us. For the benefit of the trial court, however, we observe there is a split of authority whether the prosecution may withdraw from the plea agreement under section 1172.75 if the court is inclined on remand to further reduce a defendant's sentence. (Compare *Coddington*, *supra*, 96 Cal.App.5th at p. 572 [holding that, if defendant sought a further sentence reduction beyond the striking of a prison prior and the trial court agreed, then the prosecution would be entitled to withdraw from the plea agreement] with *Carter*, *supra*, 97 Cal.App.5th at p. 973 ["In our view, the Legislature's clear directive is that *any* reduction of the defendant's sentence on resentencing shall not be a basis for the prosecutor or the court to withdraw from a plea agreement"] and *Hernandez*, *supra*, 103 Cal.App.5th at p. 992 [siding with *Carter*].)

## DISPOSITION

The matter is remanded to the trial court to conduct a full resentencing pursuant to sections 1172.1 and 1172.75, and in view of any further changes pursuant to section 1171.

SIGGINS, J.*

WE CONCUR:

STREETER, ACTING P.J.
GOLDMAN, J.
*People v. Young* (A170232)

---

* Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16