Filed 1/5/26  P. v. Reese CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102051 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE009151) |
| v. | |
| JOHNNY JAY REESE, | |
| Defendant and Appellant. | |

In 2020, defendant Johnny Ray Reese was found guilty of four counts of lewd and lascivious acts with a child under the age of 14 (Pen. Code, § 288, subd. (b)(1), statutory section citations that follow are to the Penal Code unless otherwise stated) and one count of sodomy with a child 10 years of age or younger (§ 288.7, subd. (a)).  The trial court imposed an aggregate prison term of 40 years plus 165 years to life, which included upper term sentences for each of the lewd and lascivious convictions.  Defendant successfully appealed his sentence in light of the changes made to section 1170, subdivision (b) by Senate Bill No. 567 (Stats. 2021, ch. 731, § 1) (Senate Bill 567).  On

1

remand, defendant asked the trial court to reduce his sentence; the trial court refused, citing to several aggravating circumstances in support of its sentencing decision.

Defendant again appeals. He contends the trial court erred by reimposing the upper term sentences based on aggravating factors that were not proven beyond a reasonable doubt to a jury as required under section 1170, subdivision (b)(2). Defendant claims this error violated his Sixth Amendment right to a jury trial and was not harmless beyond a reasonable doubt.

Defendant also argues the trial court failed to exercise its discretion under Assembly Bill No. 518 (2021-2022 Reg. Sess. ch. 441, § 1) (Assembly Bill 518) at the resentencing hearing, and his attorney was ineffective for failing to raise this issue below. Finally, defendant asks that the abstract of judgment be corrected to reflect the correct sentencing date and number of custody credits.

The People concede the trial court prejudicially erred when it reimposed the upper term sentences based upon aggravating factors that were not proven beyond a reasonable doubt to a jury. We accept the People's concession. We also agree with defendant that the trial court failed to exercise its discretion under Assembly Bill 518 at the resentencing hearing. We will remand for a full resentencing hearing.

FACTS AND HISTORY OF THE PROCEEDINGS

In 2020, a jury found defendant guilty on four counts of lewd and lascivious acts with a child under the age of 14 (§ 288, subd. (b)(1); counts 1, 3, 4, and 5) and one count of sodomy with a child 10 years of age or younger (§ 288.7, subd. (a); count 2). In a bifurcated proceeding, the trial court found true the allegation that defendant suffered two prior serious strike convictions (§§ 667, subds (a), (e)(2), 1170.12, subd. (c)(2)).

At the sentencing hearing, the trial court denied defendant's *Romero* (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497) motion to strike his prior strike as well as his request for dismissal or reduction of the five-year prior serious felony

enhancements (§ 667, subd. (a)). The court also found defendant took advantage of a position of trust or confidence (Cal. Rules of Court, rule 4.421(a)(11)) and engaged in violent conduct making him a serious danger to society (*id*., rule 4.421(b)(1)).

The trial court sentenced defendant to an aggregate prison term of 40 years plus 165 years to life including 75 years to life for count 2 (25 years to life tripled to 75 years to life for the two prior strikes (§ 667, subd. (e)(2)(A)(i)); 30 years to life each on counts 1, 4, and 5 (upper term of 10 years tripled to 30 years to life for the two prior strikes (§ 667, subd. (e)(2)(A)(i)); and 40 years for the two serious priors (five years for each serious prior per sentenced count (§ 667, subd. (a)). Under former section 654, the court imposed but stayed a term of 30 years to life on count 3 (upper term of 10 years tripled for two prior strikes).

Defendant appealed his conviction and, as relevant here, requested remand for resentencing under Senate Bill 567 and Assembly Bill 518. (*People v. Reese* (Sept. 21, 2022), C093095 [nonpub. opn.].) We previously had granted defendant's motion to incorporate by reference case No. C093095, *People v. Reese*.

In deciding Senate Bill 567 applied retroactively to defendant, we concluded the aggravating factors the trial court relied upon—that defendant took advantage of a position of trust or confidence, and he engaged in violent conduct making him a serious danger to society—were not found true by a jury or stipulated by defendant as required under section 1170, subdivision (b)(2). (*People v. Reese, supra*, C093095.)

We concluded it was not reasonably probable the jury would have found not true a finding that defendant took advantage of a position of trust or confidence. (*People v. Reese, supra*, C093095.) However, we were unable to determine whether it was reasonably probable the jury would have found not true the allegation that defendant engaged in violent conduct making him a serious danger to society. (*Ibid.*) We therefore decided there was a reasonable probability the trial court would have imposed a more lenient sentence under Senate Bill 567, and we remanded for resentencing. (*Ibid.*)

Because the matter was being remanded for resentencing under Senate Bill 567, we did not reach the merits of defendant's request for remand under Assembly Bill 518. (*People v. Reese, supra*, C093095.)

At the resentencing hearing, defendant again asked the trial court to strike his prior strike and dismiss or reduce the five year prior serious felony enhancements. Defendant also argued that the single aggravating factor this court determined the jury would have found true under the reasonable doubt standard—that he took advantage of a position of trust or confidence—was not, by itself, enough to justify an upper term sentence.

The People asked the trial court to consider defendant's criminal history as an aggravating factor weighing in favor of reimposing the upper term sentences. Defendant disagreed and argued that the trial court could not "make decisions about whether or not a person is themselves in violation of probation or parole as well as whether or not their criminal history is increasing in seriousness."

The trial court reimposed the original sentence. In doing so, the court chronicled defendant's criminal history and found "defendant has prior convictions" that "are numerous and of increasing seriousness." (Cal. Rules of Court, rule 4.421(b)(2).) The court also found several other aggravating factors including that defendant had prior prison terms (*id.*, rule 4.421(b)(3)); was on parole at the time of the incident (*id.*, rule 4.421(b)(4)); performed poorly on probation or parole (*id.*, rule 4.421(b)(5)); posed a serious danger to the community "based on the criminality that [defendant] has engaged in" (*id.,* rule 4.421(b)(1)); and the victim was particularly vulnerable (*id.*, rule 4.421(a)(3)). The trial court said, "[a]ll of those collectively justify the exact sentence I previously imposed, and I'll simply indicate I'm not going to modify it in any way."

The trial court did not address the changes in law under Assembly Bill 518. The court believed it was "not necessary" to "deal with" Assembly Bill 518 at the resentencing hearing.

Defendant filed a timely notice of appeal.

DISCUSSION

Senate Bill 567

Defendant contends the trial court erred in reimposing the upper term sentences by relying on aggravating factors that had not been found true by a jury. Defendant argues this sentencing error violates his Sixth Amendment right to a jury trial and resulted in prejudice. The People concede the error. Having reviewed the record and relevant legal authority, we accept their concession.

"Under the Fifth and Sixth Amendments to the United States Constitution, 'any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.' " (*People v. Wiley* (2025) 17 Cal.5th 1069, 1078.) "Section 1170(b)(2) similarly provides that the trial court may impose a sentence exceeding the middle term only when circumstances in aggravation of the crime justify imposition of an upper term sentence, and 'the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt' at a jury or court trial." (*Ibid.*) "[T]his jury trial right is not merely a state law entitlement, but is constitutionally required for all aggravating facts, other than a prior conviction, relied upon to justify an upper term sentence." (*Ibid.*)

"When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman* standard of review." (*People v. Wiley*, *supra*, 17 Cal.5th at p. 1087; see *Chapman v. California* (1967) 386 U.S. 18.) "Under that standard, 'a sentence imposed under . . . section 1170(b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the

5

current statute.' " (*Wiley*, at p. 1087.) "Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue." (*Ibid*.)

The trial court erred by finding a variety of aggravating factors and relying on them to reimpose the upper term. Aside from the trial court's finding that defendant had prior convictions, each of the other aggravating factors relied upon by the trial court were required to have been found true beyond a reasonable doubt by a jury under section 1170, subdivision (b)(2). (*People v. Wiley, supra,* 17 Cal.5th at p. 1086 ["a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements"].) Since they were not, the trial court could not use them to support its reimposition of the upper term.

Remand is required here because we cannot conclude beyond a reasonable doubt that a jury, applying the same standard, would have found true all aggravating circumstances upon which the court relied to impose the upper term. (*People v. Wiley, supra,* 17 Cal.5th at p. 1087.) Indeed, one of the aggravating circumstances the trial court relied on at resentencing was that defendant engaged in violent conduct that indicates a serious danger to society. (Cal. Rules of Court, rule 4.421(b)(1).) However, as we previously recognized, the record here does not establish "whether it is reasonably probable the jury would have found not true that defendant engaged in violent conduct making him a serious danger to society." (*People v. Reese, supra,* C093095.) Nothing has changed that would warrant a departure from our previous determination on this point. Consequently, remand for resentencing remains appropriate and we accept the People's concession accordingly.

Assembly Bill 518

Section 654 prohibits a court from punishing a defendant more than once for the same act or course of conduct. (*People v. Hester* (2000) 22 Cal.4th 290, 294.) Prior to

6

2022, the statute required that an act or omission punishable in different ways by different statutes be punished under the provision that provided the longest potential term of imprisonment. (Former § 654, subd. (a).) Assembly Bill 518 amended section 654 effective January 1, 2022, to grant a court discretion to punish such an act under either of such provisions. (§ 654, subd. (a).)

Here, the trial court stayed count 3, which carries a sentence of 30 years to life. In the original appeal, defendant asked for a remand for resentencing so the trial court could exercise its discretion to stay the 75 years to life sentence for count 2 under amended section 654. (*People v. Reese, supra*, C093095.) We determined that remand under Assembly Bill 518 was unnecessary since remand under Senate Bill 567 was required. (*Ibid.*) The trial court did not address the changes made to section 654 under Assembly Bill 518 at the resentencing hearing.

Defendant contends that the trial court erroneously failed to exercise its discretion under Assembly Bill 518 at the resentencing hearing. We agree. Since we are again remanding this matter for resentencing under Senate Bill 567, the trial court should conduct a full resentencing as to all counts based on the law and circumstances that apply when resentencing occurs, including the amendments to section 654 under Assembly Bill 518. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

Since we agree with defendant that the trial court failed to exercise its sentencing discretion under Assembly Bill 518 at the resentencing hearing, we need not address whether his attorney was ineffective for failing to raise this issue at the trial court.

Correction to Abstract of Judgment

Defendant asks that the abstract of judgment be corrected to reflect the correct sentencing date and number of custody credits. The trial court will have the opportunity to make these corrections on remand.

7

DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for resentencing. The judgment is otherwise affirmed.

\_\_\_\_\_/s/_____
HULL, Acting P. J.

We concur:

\_\_\_\_\_/s/_____
ROBIE, J.

\_\_\_\_\_/s/_____
FEINBERG, J.